MICHAEL BANNON *vs.* BENJAMIN COMEGYS, Administrator of EVELINA M. COMEGYS, and others.

*Partition—Right to Maintain Suit—Art. 16, sec. 99, of the Code—Act of 1868, ch. 273—Equity pleading—Subsequent acquisition of Title by Complainant—Supplemental bill.*

A party who has sold his interest in lands, and having taken a mortgage to secure the purchase money, has assigned the mortgage, cannot maintain a bill for partition and sale of the lands under section 99 of Article 16 of the Code, authorizing a partition at the suit of a joint tenant, tenant in common, parcener or concurrent owner.

Nor has he such interest as would entitle him to maintain a suit for the sale of the property under the provisions of the Act of 1868, ch. 273, authorizing a sale of land where it shall appear to be for the benefit and advantage of all the parties concerned.

Where a demurrer to a bill for the want of interest on the part of the complainant in the subject-matter and object of the suit, is sustained, but the bill is retained to allow the complainant to submit amendments for the consideration of the Court, he cannot by showing title acquired subsequently to the filing of the bill, obtain the benefit of the former proceedings by an amended or supplemental bill. He must assert his new title in a new bill.

APPEAL from the Circuit Court for Anne Arundel County, in Equity.

On the 11th of September, 1855, Zachariah Turner and Elizabeth his wife in consideration of natural love, &c., to their son William James Turner, sometimes called James William Turner, conveyed a parcel of land in Anne Arundel County, containing eighty-three acres, to their said son William, his children and assigns, during their natural lives; but if said William James die leaving no child or children, the property to revert

back to the original owners Zachariah and Elizabeth his wife, or their heirs and assigns, and so remain as if the deed had not been given, with a reservation to the grantors of a right to cut firewood, and a right of way during their natural lives, and all the estate, right, title, &c., of the grantors in the same, on such conditions as theretofore expressed—*habendum* to Wm. Jas. Turner, his child or children and assigns, to the only proper use, &c., provided, nevertheless, to be held on such conditions as theretofore set forth. At the date of this deed James Wm. Turner was unmarried, and had no children. On the 28th of November, 1865, James Wm. Turner having in the meantime married, and having issue living, and Zachariah Turner being dead, he, his wife, his mother Elizabeth, and several of the children and co-heirs of Zachariah, in consideration of $2,659.72 conveyed the same parcel of land and several other tracts to the appellant in fee, with general warranty.

By deed dated the 4th of December, 1865, and confirmed the 30th of January, 1866, the appellant and his wife, in consideration of $3,000, conveyed all the land described in the deed of the 28th of November, 1865, to Georgianna Comegys in fee, with a covenant of general warranty, the appellant taking back a mortgage of the same date to secure $2,000 of the purchase money, and on the 17th of April, 1867, Georgianna Comegys with her husband, assigned the equity of redemption to Evelina M. Comegys,—this mortgage was due in 1870, but was extended until 1871, and the appellant assigned the mortgage to Edward Gill, who assigned it to Arthur V. Milholland upon an undertaking by the appellant to Milholland to guarantee him the payment of the mortgage.

On the 3rd Monday in October, 1873, the appellant exhibited his bill in the Circuit Court for Anne Arun-

del County, in equity, against the said James Wm.
Turner and his wife, and six infant children, the
heirs-at-law of Zachariah Turner and wife, some of
them infants, Arthur V. Milholland, Evelina Comegys,
and John P. Comegys and Georgianna his wife, sug-
gesting that said deed from Zachariah Turner and
wife, to James Wm. Turner, did not convey to the
latter a title in fee to said eighty-three acres, the con-
veyances of the other tracts being admitted to be valid,
that said James W. Turner could not therefore convey
an estate in fee, nor more than a life estate in said
eighty-three acres, asking the Court to reform said
deed, according to the intention of the parties, in
order to vest in him a title in fee, and stating that the
appellant, had procured conveyances of all their inter-
ests in said eighty-three acres from four out of the ten
co-heirs of Zachariah Turner, that as holder of said un-
divided interests in the land he was entitled to a sale
thereof for partition, as also to an account and sale of
the interest of Evelina Comegys therein, to pay the
mortgage due, &c. The prayer of the bill is stated in
substance in the opinion of the Court. This bill was
signed by Messrs. Randall and Hagner, having been
drawn by the late Mr. Randall, subpœna was issued,
but none of the parties appeared except Milholland,
who submitted to the prayer of the bill. The
appellant afterwards got in the titles of all the
heirs of Zachariah Turner, and on the 22nd of Nov.,
1887, he revived the suit against the heirs and personal
representatives of Evelina Comegys, who had in the
meantime died, and obtained a decree *pro confesso* against
the defendants, which was afterwards stricken out
against the real and personal representatives of Evelina
Comegys, who appeared and demurred to the bill for
misjoinder and multifariousness, because the appellant
was not co-tenant with any of the defendants since he

had conveyed to the Comegys, and could not foreclose the mortgage since he had assigned that to Milholland and therefore had no standing in Court. The Court below on the 20th Feb., 1888, sustained the demurrer, but retained the bill for fifteen days, with leave for the appellant to bring forward for the consideration of the Court any amendment he might wish to offer, reserving the right to defendants to object to the same and have the bill dismissed. Thereupon on the 6th of March, 1888, the appellant filed his amended and supplemental bill against the children of James Wm. Turner, and the real and personal representatives of Evelina Comegys, and after stating the original bill charged that by the true construction of the deed from Zachariah Turner and wife to James Wm. Turner, the latter took a fee, and charging that at the date of said deed James Wm. Turner had no children, and that his after-born children pretended an interest under said deed; that under his covenant he, the appellant, had warranted the title of said eighty-three acres absolutely, that shortly after his conveyance to Mrs. Comegys, the heirs-at-law of Zachariah other than said James, claimed the land, and Mrs. Evelina Comegys thereupon insisted that appellant's covenant of general warranty had been broken, and that she was entitled to retain the money due by said mortgage, to recoup herself against the alleged defect in her title, and that Milholland required appellant to repurchase said mortgage according to his agreement, which appellant did after the filing of the original bill, and appellant charged that the said Evelina Comegys having all along insisted, and her representatives since her death having insisted, that said mortgage was invalid, and having denied that any title passed to Milholland, were estopped from contending that the appellant was not interested, and that Milholland was solely interested in the suit, and the appellant further stated

Bannon vs. Comegys, Adm'r, et al.

that Mrs. Evelina Comegys always professed her willingness to pay the mortgage debt if the appellant would cure the defect in the title of the eighty-three acres, and that she represented to him that she had deposited the money therefor in bank ready to pay said mortgage, and urged appellant to clear up the title and procure conveyances of outstanding interests in said lands,—that she required him to consult with her counsel, Messrs. Randall and Hagner, and to conform to their advice and directions, and stated she would abide by what they said ought to be done,—and that he accordingly visited Messrs. Randall and Hagner and placed himself and all his papers in their hands, and retained them to cure the title to said eighty-three acres, stating what had taken place between himself and Mrs. Comegys, and further charged that Messrs. Randall and Hagner filed said original bill, of which Mrs. Evelina Comegys was fully aware, and afterwards put large improvements on the land, which bill was one of the means adopted by appellant and her on the advice of her counsel, to which she required him to submit, to cure said title, and, the bill prayed a sale and decree for payment of the balance of purchase money against the representatives of Mrs. E. Comegys, and an injunction against the children of Jas. Wm. Turner to restrain them from setting up any title to the eighty-three acres. This bill was filed, and subpœnas were issued thereon inadvertently, and a motion was made by the representatives of Mrs. Comegys to take it off the file, and the Court thereupon ordered it to be so taken off the file, and dismissed the original bill without prejudice. From this order and the preceding order, sustaining the demurrer to the original bill, the complainant appealed.

The cause was argued before ALVEY, C. J., STONE, MILLER, IRVING, BRYAN, and McSHERRY, J.

*Julian I. Alexander*, for the appellant

Stated that the Court below had dealt with the amended bill as if regularly allowed to be filed, and thus dispensed the irregularity. The present objection was not that its averments could not be adequately proved, but resolved itself into a question of relevancy; for if the agreement between the plaintiff and Mrs. Comegys stated in the amendment, was in fact made, and the original bill filed in consequence, it would be wrong to allow her representatives to repudiate the agreement after what had occurred, and the long lapse of time. In this sense the original bill was as much hers as the plaintiff's, and the agreement having been fully executed by the plaintiff, Mrs. Comegys' representatives ought to be required to execute it on their part and not be allowed to escape from it under a cavil to the form of suit. For the purposes of to-day all the statements of the amended bill must be assumed to be true. But every antecedent probability was in favor of their truth. It is impossible to conceive that such counsel as Messrs. Randall and Hagner would have drawn so extraordinary a bill, or that Mrs. E. Comegys would have been left in possession of the premises, without any payment of principal or interest for so many years, or would have improved the property with notice of the defect in her title, or that plaintiff would have spent so much time in getting in outstanding adversary titles, unless such an agreement had been made. Mrs. Comegys put the money in bank and it is bound by a trust in favor of the plaintiff. .

As to the amendment he distinguished *Shields vs. Barrow*, 17 *How.*, 130, and referred to *Walker vs. Armstrong*, 8 *DeGex, M. & G.*, 357; *Alexander's Ch'y Prac.*, 109, and *Berry vs. Pierson*, 1 *Gill*, 234.

On the point that Bannon might sue because the assignment to Milholland was not unconditional, refer-

ecne was had to *Story's Eq. Plead.*, 153; *Doody vs. Pierce*, 9 *Allen*, 141; *Montague vs. Lobdell*, 11 *Cush.*, 111; *Grand United Order, &c. vs. Merklin, et al.*, 65 *Md.*, 579.

On the point that the alleged new case might be brought forward by supplemental bill he referred to *Sadler vs. Lovatt*, 1 *Moll.*, 162; *Byrne vs. Byrne*, 2 *Drury & Warren*, 71, and *Salisbury vs. Hatcher*, 2 *Y. & C. C. C.*, 54. As to the construction of the deed he referred to *Perk.*, secs. 203, 204; *Humphrey vs. Tayleur, Ambler*, 136; *Davies vs. Kempe, Carter* 2; *Merritt vs. Disney*, 48 *Md.*, 344.

*Pembroke Lea Thom*, and *J. Wilson Leakin*, for the appellees.

IRVING, J., delivered the opinion of the Court.

In the month of July, 1873, the appellant filed his bill in the Circuit Court for Anne Arundel County, praying for the sale of certain real estate described in the proceedings, and "all the right, title, interest, and estate of all the parties to the bill," and that the proceeds thereof might be brought into the Court and divided among the parties according to their respective rights and interests therein; and that their several "interests and claims thereto may be determined by the Court, and that multiplicity of suits might be avoided," and for such other relief as his case might require. Beyond the filing of the bill no further proceedings were had for fifteen years, when the appellant asked and obtained leave to make additional parties. Against some of the parties an interlocutory decree was obtained for non-appearance. Others appeared and demurred on the ground of multifariousness, and because the plaintiff was not "a tenant in common or part owner" of the property to justify his filing such bill, and further because the mortgage he once had on the property

had been assigned away, and that he had no interest in the matter to give him standing in Court. It is needless to cumber this opinion with the many recitals of the bill. It is sufficient for the purposes of this opinion to say, that it discloses on its face, that whatever interest the plaintiff ever had in the lands sought to be sold, he had conveyed away by two deeds dated respectively the 4th of December, 1865, and the 30th of January, 1866. When he sold he took a mortgage upon the property, but that he had assigned, and had no interest in at the time he brought his suit. "That being so," the Court below said, in deciding the demurrer, "it is too plain for argument, that regarding the present bill as intended to be one for partition or sale under the provisions of the 99th section of Article 16 of the Code, the plaintiff is totally without standing in Court to file the bill, being neither a *joint-tenant, a tenant in common, a parcener,* nor a *concurrent owner.*" The words we have italicized are the words of the statute descriptive of the interest a person must have to give the right to avail of the provisions of that section of the Code, and we fully agree with the Circuit Court that the plaintiff's bill showed he had no such interest. The Court further says, "if in view of its allegation that it would be for the benefit and advantage of all the parties to have the land in question sold, the bill is intended to be brought under the provisions of the Act of 1868, chapter 273, it would seem to be equally clear that for want of interest the plaintiff is without standing in Court to bring this bill under the Act. In the language of the Court of Appeals, in reference to this Act, and the interest that a party seeking to avail of its provisions ought to show in himself, in the case of *Newbold vs. Schlens & Wilkens, Trustees,* 66 *Md.,* 589, 'he has no right or estate in the property, and has no power to make conversion of the realty into personalty.' As a test of

his interest" * * * "it may be asked when the sale shall be effected, and the fund produced, brought into Court to be distributed, as in partition, or to be dealt with under the provisions of chapter 273 of the Acts of 1868, what part of the fund could he claim in the partition to be made, in the one case, and what part would be invested for his present or future benefit in the other? Clearly he would have no right which could be asserted against the fund in either case."

The Court ruled the demurrer good, but retained the bill for the plaintiff to bring forward, for the consideration of the Court, such amendments as he suggested it was possible to make to meet the difficulties the Court had found in his way. An order was accordingly passed, dated 20th of February, 1888, allowing the plaintiff fifteen days within which to bring to the Court the amendments proposed to be made, reserving the right to the demurrants to contest the right to make the amendments that might be proposed. Without asking any further action of the Court and leave to file his proposed amendments, on the 8th of March, 1888, he filed a supplemental or amended bill (and ordered subpœnas for parties), which the appellees moved should be stricken from the files of the Court, and should not be received for various reasons assigned, including laches, and also because the interest in the property asserted in the amended bill had been acquired since the filing of the original bill.

This amended or supplemental bill the Circuit Court ordered to be struck from the files of the case without prejudice to the plaintiff to file a new and independent bill ; and the right to amend was disallowed, and the bill was dismissed. From this order and the preceding one sustaining the demurrer to the original bill, the plaintiff appealed. We have fully considered the elaborate and able arguments of counsel and have been

unable to find any ground upon which the original
bill could be sustained, or the amended or supple-
mental bill, as it is called, can be maintained as a
proper continuance of the original proceeding. We
have been unable to find any authority for the position
taken in argument that the covenant of warranty under
which the plaintiff rested, made him, in any sense, a
concurrent owner to entitle him to maintain a suit for
partition; or gave him any interest to enable him to
ask the benefits of the Act of 1868, chapter 273. In
finally disposing of the case the learned Judge of the
Court below says: "The defendants, who now make
this motion, demurred to the original bill, and the de-
murrer was sustained upon the grounds set out in its
opinion. In that opinion, while intimating that it
was not apparent how the bill could be amended so as
to obviate the objections against its maintenance, yet
in deference to the suggestions coming from the plaintiff,
made at the argument of the demurrer, that these ob-
jections might be met by amendment in case the Court
should sustain the demurrer, and in view of the import-
ance and interest of the case to the parties concerned,
the Court retained the bill for a specified time to enable
the plaintiff to present matter of amendment, if he
should be so advised, for the consideration of the Court.
The Court, however, in express and explicit terms re-
served to the opposing side the right to be heard against
the allowance of any amendment proposed, and to the
Court the right to determine whether it was proper to
be allowed before it could be introduced into the cause.
The plaintiff, apparently mistaking the effect and pur-
port of the Court's order in this regard, without any
previous application to the Court to be allowed to
amend, prepared and filed the amended bill, which ap-
pears among the proceedings, and directed the sub-
pœnas to be issued for the defendants therein named.

The parties objecting to this amendment insist that this action of the plaintiff, being in violation of the rules of equity practice in such cases, and especially in violation of the order of the Court under which the amendment is sought to be introduced, his amendment cannot for that reason be received, and that as the time limited by the Court's order for offering matter of amendment has expired, they insist that no application to amend can now be made. They further insist, that even if regularly proposed, the amendment is not such as ought to be received. As the Court finds in the ground of objection last stated, sufficient to control its decision, it will not be necessary to notice further the other mere technical objection.''

"Both in the argument of the demurrer and in the argument of this motion, especially in the written briefs recently submitted, counsel on both sides directed much of their argument to the proper construction of the deed of the 11th of September, 1855, which has been the cause of all the controversy in this case. The construction of that deed, however, is here, as it was in determining the demurrer, quite aside from the question to be decided. Under the circumstances of the case the questions of pleading upon the demurrer and the pending motion do not depend for their decision upon the construction of the deed. The question upon the demurrer was, whether the plaintiff had any standing in Court, and that having been determined adversely to him, the question here is, can he by the proposed amendment acquire a standing in Court. The ground upon which the demurrer to the original bill was sustained, was the want of interest, manifest on the face of the bill of the plaintiff, in the subject-matter and object of the suit. The plaintiff's want of title and interest is now sought to be obviated by alleging in the amended and supplemental bill that since the

filing of the original bill the plaintiff has become the assignee of the mortgage, which was therein alleged to be held and owned by Arthur V. Milholland. The plaintiff cannot, however, by showing title acquired subsequently to the filing of his bill, get the benefit of the former proceedings by an amended or supplemental bill. He must assert his new title in a new bill. *Story's Eq. Pleading*, sec. 339 *and note a; Evans vs. Bagshaw, L. R.*, 8 *Equity*, 469-471; *Godfrey vs. Tucker*, 33 *Beavan*, 285. In the case in the United States Supreme Court of *Shields vs. Barrow*, 17 *How.*, 144, it is said: 'Nor is a complainant at liberty to abandon the entire case made by his bill, and make a new and different case by way of amendment. We apprehend that the true rule on this subject is laid down by the Vice-Chancellor in *Verplanck vs. Mercantile Ins. Co.*, 1 *Edw. Ch. Rep.*, 46.' In this last mentioned case the rule is thus stated: 'Under the privilege of amending, a party is not to be permitted to make a new bill. Amendments can only be allowed when the bill is found defective in proper parties, in its prayer for relief, or in the omission or mistake of some fact or circumstance connected with the substance of the case, but not forming the substance itself;' and this principle seems to have been recognized and acted upon by our Court of Appeals in the cases of *McElderry vs. Shipley*, 2 *Md.*, 37, and *Benscotter vs. Green and Wife*, 60 *Md.*, 327-331-332-339. Tested by the rule thus declared and recognized, the proposed amendment of the plaintiff's bill is wholly inadmissible. The amendment changes the entire character of the suit as originally instituted, is altogether inconsistent with, and repugnant to, the title set up, and the relief sought by the original bill. It is, in all of its essential features, and in substance and effect a new bill. The original bill appeared to be, in form, a bill for a sale for the purpose of partition, but

the disclosures of the title itself made it apparent that its main object and purpose were to clear the property to be sold, of certain defects of title alleged to exist, and pointed out in the bill, and the relief sought was mainly against parties alleged to have in the property certain outstanding interests, by bringing them in as parties to the bill, and having a sale so as to disencumber the property of their titles; but whether we regard the ostensible object of the original bill according to its technical structure, or what appears to have been its real object and purpose, the amendment proposed is a total abandonment of the case made by the original bill. The amended bill alleges a new and subsequently acquired title and interest in the plaintiff; asserts that the deed, the defects of which the original bill was intended to remedy, conveyed a good fee simple title to the grantee, and seeks to restrain certain of the defendants named in the original bill, from asserting or claiming title to the contrary, and to enforce the claim of the plaintiff under his newly acquired title as assignee of the mortgage, held by Milholland at the time of filing the original bill, and in this last connection seeks, in effect, to have decreed specific execution of certain agreements between the plaintiff and Evelina Comegys, having relation to the supposed defect in her title, and the payment of the mortgage claim, with which the defendants in the original bill, other than the representatives of Evelina Comegys, would, on the theory of the amended bill, have no connection. I am of opinion that there is such repugnance to, and inconsistency with, the matter and substance of the original bill, in the amendment proposed, that it ought not to be allowed, and it will accordingly be refused, and the original bill be dismissed." Unable to add anything to this very lucid opinion to make it more convincing

and conclusive of the questions discussed, we shall affirm the orders appealed from for the reasons assigned.

*Orders affirmed.*

(Decided 23d November, 1888.)