MAGGIE RUPP *vs.* ELEANOR T. ROGERS ᴇᴛ ᴀʟs.

*Laches: mere filing of suit does not relieve of charge.*

The mere institution of a suit does not, of itself, relieve a person of the charge of laches; if the plaintiff fails in the diligent prosecution of the action, the consequences are the same as though no action had been begun.               p. 535

*Decided November 13th, 1912.*

The cause was argued together with the cause of *Love* v. *Rogers,* see *ante,* page 525.

Tʜᴏᴍᴀs, J., delivered the opinion of the Court.

This case and the case of *Anna I. Love* v. *Eleanor T. Rogers et al.,* No. 4 Appeals of this term, were argued together in this Court.

The allegations and prayer of the bill are practically the same as the averments and prayer of the bill in No. 4 Appeals, except that it appears that the appellant in this case became twenty-one years of age in 1897, and that George C. Worthington, in addition to the breaches of trust complained in No. 4 Appeals, used the timber on the land of the appellant in the erection of a house on one of the parcels of land belonging to her sister, Anna I. Love, which had been sold for taxes and purchased by him.

The original bill in this case was filed November 25th, 1908, against George C. Worthington alone, and he was summoned and filed his answer on January 6, 1909, denying the charges made against him. Nothing further was done in the case for nearly two years, and until after the death of the defendant.

What we have said in the opinion in No. 4 Appeals applies with equal force to this case, and, in addition to the authorities there cited, we will refer to the case of *Taylór* v. *Carroll,* 89 Md. 32, where it is said that "the mere institution of a suit does not of itself relieve a person of the charge of laches, and that if he fail in the diligent prosecution of the action the consequences are the same as though no action had been begun," and to the case of *Hadaway* v. *Hynson,* 89 Md. 305.

For the reasons stated in the opinion referred to, the decree of the Court below must be affirmed.

*Decree affirmed, with costs.*