STOEWER *v.* PORCELAIN ENAMEL &
MANUFACTURING COMPANY

[No. 73, October Term, 1951.]

*Decided January 11, 1952.*

148

The cause was argued before MARBURY, C. J., and DELAPLAINE, COLLINS and HENDERSON, JJ.

*Murray MacNabb* for the appellant.

*Edwin H. Brownley,* with whom were *Karl F. Steinmann* and *Mannes F. Greenberg* on the brief, for the appellee.

HENDERSON, J., delivered the opinion of the Court.

The appeal in this case is from an order of the Circuit Court of Baltimore City passed on May 25, 1951, dismissing a bill of complaint without prejudice. The order for appeal, filed June 21, 1951, also purports to appeal from an order "passed on November 8, 1950 striking the plaintiff's amended bill of complaint from the record". If we assume that the previous order was a final one, the appeal was obviously not in time. If not final, we can consider it only to the extent that its validity can be challenged by the appeal from the order of dismissal.

The original bill was filed on October 19, 1939. It recited that the complainant owned a house and lot and operated a boarding house adjacent to the plant of the Porcelain Enamel and Manufacturing Co., a body corporate; that the defendant was polluting the air with noxious hydrofluoric gas, which seriously interferred with her comfort and damaged her business and property; that the wrongs were continuous and a nuisance, for which she had no adequate remedy at law. She prayed for an injunction and other and further relief. The defendant appeared and filed an answer. No further action was taken in the case until June 6, 1950, when the appearance of the complainant's present counsel

was entered, and a petition to take testimony filed. On June 12, 1950, the respondent filed a petition reciting that in January, 1950, the plaintiff had instituted an action at law in the Baltimore City Court against the defendant for damages due to the operation of the plant over a period of three years prior to that date, with a claim for injunction. The petition set up the pending action at law as a bar and also alleged laches in the prosecution of the suit in equity. It concluded with a motion to strike out the order setting the case for trial, and to dismiss the case "for want of prosecution and because of the pendency of the suit in the Baltimore City Court". The complainant filed an answer to this petition, but it does not appear that any action was taken thereon.

On October 2, 1950 the complainant filed a petition reciting that she had been prevented from pressing her suit because of the war, in which the defendant "was engaged in the manufacture of war products", and because she had a dispute with her former counsel and was not aware that he had filed suit. She recited that she had now dismissed the action at law, and sought leave to file an amended bill of complaint. An order was signed on the same day authorizing her to do so, and on that day she filed an amended bill of complaint repeating *verbatim* the allegations of the original bill, except that she alleged that the name of the defendant corporation "has been changed to Pemco Corporation since the filing of the original bill". She prayed an injunction and other and further relief. An order directed the defendant "The Porcelain Enamel and Manufacturing Co. of Baltimore, also known as The Pemco Corporation", to show cause.

On October 16, 1950, the defendant filed a motion to strike out the amended bill after submission on briefs, or, in the alternative, a demurrer to the amended bill. An order was signed on November 8, 1950, striking the amended bill. On May 15, 1951, the defendant filed a petition and motion to dismiss the original bill on the

ground of laches and want of prosecution. This petition was sworn to by "Richard H. Turk, President of the Pemco Corporation, successor to Porcelain Enamel and Manufacturing Co. of Baltimore". After answer and hearing the court, on May 25, 1951, dismissed the bill of complaint without prejudice. .

So far as the order of November 8, 1950 is concerned, it has been held that the right to permit amendments is wholly discretionary with the Chancellor, and an order allowing or disallowing amendment is not appealable. *Engle v. Fidelity and Guaranty Co.,* 175 Md. 174, 184, 200 A. 827; *Kernan v. Carter,* 132 Md. 577, 104 A. 530; *Miller's Equity Procedure,* § 182. On the other hand, in *Funkhouser v. Mooers,* 179 Md. 266, 269, 18 A. 2d 205, and *Dougherty v. Dougherty,* 187 Md. 21, 29, 48 A. 2d 451, the rule is not stated in absolute terms, but it is indicated that an abuse of discretion may be reviewed. Rule 17 of the General Equity Rules, indicates that amendments should be freely allowed to serve the ends of justice.

In the instant case the amended bill added nothing to the allegations of the original bill. "The general rule announced by this court is that nothing which has occurred since the filing of a bill can be added to it by amendment but must be brought in by supplemental bill." *Brann v. Mahoney,* 187 Md. 89, 101, 48 A. 2d 605, 610. See also *Hymer v. Grocers' Supply Co.,* 163 Md. 146, 152, 161 A. 155, and *Poe v. Munich Re-Insurance Co.,* 126 Md. 520, 531, 95 A. 164. The only allegation not in the original bill was the reference to a change of name by the original defendant. If it were sought to bind the Pemco Corporation *eo nomine,* the latter should have been brought in as a new party. We find no abuse of discretion in the court's action in striking out the amended bill.

It is well established that "the mere institution of a suit does not of itself relieve a person of the charge of laches, and that if he fail in the diligent prosecution of the action the consequences are the same as though no

action had been begun". *Rupp v. Rogers,* 118 Md. 534, 535, 85 A. 774, 775. See also *Hadaway v. Hynson,* 89 Md. 305, 43 A. 806; *Taylor v. Carroll,* 89 Md. 32, 42 A. 920, 44 L. R. A. 479; *Hammersley v. Bell,* 134 Md. 172, 177, 106 A. 339; *Johnston v. Standard Mining Co.,* 148 U. S. 360, 370, 13 S. Ct. 585, 37 L. Ed. 480; *Willard v. Wood,* 164 U. S. 502, 17 S. Ct. 176, 41 L. Ed. 531; note, 43 A. L. R. 921. Cf. *Konig v. Baltimore,* 128 Md. 465, 474, 97 A. 837, citing *Phelps, Jur. Eq.* § 262. In Maryland, the defense of laches may be raised on demurrer. *Clarke v. Brunk,* 189 Md. 353, 362, 55 A. 2d 919; or on final hearing. *Hammersley v. Bell, supra.* We perceive no reason why it may not be raised on motion to dismiss, where the delay appears on the face of the bill and the circumstances suggest a change of position. See cases cited in note, 173 A. L. R. 326, 355.

In the instant case the appallant signed and swore to a bill for an injunction against conditions allegedly existing in 1939. She allowed the matter to rest until 1950. During that period the appellant admits that the whole business of the plant changed, and it was engaged in the manufacture of war products. It is not shown that the defendant is now engaged in the practices then alleged to constitute a nuisance, or that its management or business is the same. "The doctrine of laches is based upon grounds of public policy, which requires the discouragement of stale demands for the peace of society. Where there is difficulty in doing complete justice by reason of the death of the principal witness or witnesses, or where the original transaction has become obscured by time because of gross negligence or deliberate delay, a court of equity will not aid the party whose application thus lacks good faith and reasonable diligence. Equity takes the view that such manifest neglect constitutes an implied waiver arising from a knowledge of the conditions and an acquiescence in them. In determining what will constitute laches so as to bar relief in equity, the court has no inflexible rule as to length of time, but must decide the question from

152

all the facts and circumstances of each particular case." *Kaufman v. Plitt,* 191 Md. 24, 28, 59 A. 2d 634, 635. We think the appellant cannot now complain of conditions said to exist in 1939, or in the war years. The effort to revive the old bill must fail for lack of diligence.

If, on the other hand, the conditions complained of still exist, the order appealed from, being without prejudice, does not prevent a new suit for injunction against the Pemco Corporation, or an action at law for damages. In that event, the plaintiff may assert a live and present claim rather than a stale one. Cf. *Benscotter v. Green,* 60 Md. 327, 333.

*Decree affirmed, with costs.*