JOHN GLENN, ADMINISTRATOR OF F. LINDENBERGER, vs.
GEORGE HEBB.—*December*, 1841.

Where a case was submitted by agreement, as upon bill, answer and general replication, though no general replication be in fact filed, yet it should be heard and decided according to the terms of the agreement. The answer is considered as replied to.

When a cause is set down for hearing after the general replication is in, the facts set out in the answer as a defence, are denied.

Where a partnership is stated in a bill, and confessed by the answer, the general rule is, that an account is of course, unless the party has slept upon his rights.

Lapse of time may bar the right to demand an account. Qu. must this defence be relied on in the answer to be available to the defendant.

A partnership was dissolved by the death of one partner in 1825; from 1821 to that period, the other partner had been entrusted to wind up the concern, at an annual salary, but no administration was taken out upon the deceased partner's estate until 1832, and the bill was filed in 1837. Under such circumstances, lapse of time is not a bar to a bill filed for an account by the administrator of the deceased partner.

APPEAL from the Court of Chancery.

On the 5th April, 1837, the appellant filed his bill in Chancery, charging a partnership between his intestate and the appellee, the surviving partner, who took possession of the effects of the partnership, and proceeded to sell the same, collect its debts, compromise and extinguish claims against it; and that a large surplus was in his hands; that the appellee had refused to come to a fair and final settlement, or to render any account of the partnership; that he was in the possession of the books, and refused the inspection of them; and that the appellee was largely indebted to complainant. Prayer for an injunction to prevent further collection of debts; for answer to various special interrogatories; for an account of the partnership, and for further relief. Letters of administration were filed with the bill.

The defendant answered the bill, and alleged, "that it not being required by the articles of co-partnership, that either of the parties should put into the concern at any particular time, any particular sum, each of the parties put into and drew out of the concern such sum or sums as suited them; that the stock account and private account of each was consolidated.

After stating a variety of advances to the deceased partner, leaving a balance due by *F. Lindenberger* to the firm of *Lindenberger & Hebb* of $10,950.18, the answer further alleged, that defendant's credits amounted to $78,748.$\frac{31}{100}$, and various sums by him put into the concern, &c., and a balance due him of $33,453.$\frac{47}{100}$. The answer admitted the possession of various books of accounts; that defendant did not know when the firm stopped payment, and that the firm had not been dissolved; the notes of the firm were sometimes renewed; sometimes paid in country notes or goods. No list of balances or balance sheet were ever taken; that various sums were due the firm. The answer then proceeded to show in detail the mode in which many debts of the firm were settled and paid off; the insolvency of the firm, and the agreement of the deceased partner to allow him $1,000 per annum, for winding it up. That his house, and many of his papers and books were burnt in 1833; that the winding up of the concern was considered by him as a very doubtful experiment, and if he succeeded in saving any thing, it would necessarily be his, but if he failed in its accomplishment, he would lose several years of the prime of his life for no good purpose; that his former partner had drawn more out of the concern than he put into it; this deficiency was made up by the capital of defendant, and by profit and loss, made on the sale and disposition of his goods, and that it had been decided by a competent tribunal, that he had no funds of the said *F. L.* in his hands. With this answer various schedules and accounts were also filed, showing defendant's course in winding up the partnership.

In this stage of the cause, "it was agreed, that the Chancellor shall at this time consider and decide upon the right of the complainant to an account upon the bill, answer and general replication."

The cause being submitted to the Chancellor, he dismissed the bill, and the complainant appealed.

This cause was argued before BUCHANAN, C. J., STEPHEN, ARCHER, DORSEY, CHAMBERS and SPENCE, J.

By R. Johnson for the appellant, and

By J. Johnson and A. C. Magruder for the appellee.

Archer, J., delivered the opinion of the court.

This was a bill filed by *Glenn, administrator of Lindenberger*, one of the firm of *Lindenberger & Hebb*, against *Hebb*, the surviving partner, to obtain an account and settlement of the partnership transactions. *Hebb* filed his answer admitting the existence of the partnership, and that it continued, until dissolved by the death of *Lindenberger* in 1825; that in 1821, the firm being embarrassed and involved in difficulties, *Hebb* undertook the settlement of the partnership concerns for a sum of one thousand dollars, to be annually allowed him for his services in this respect, and became the purchaser of the goods on hand in 1821, to be paid for, one-fifth in ten months, and the balance in two, three, four, and five years; that he proceeded to the discharge of his duties in closing the accounts of the concern, and he avers, that upon such settlement, the concern is largely indebted to him. He further avers, that some of the books and papers of the concern were burned by accident in the year 1833. It appears that the complainant administered on the estate of *Lindenberger* in the month of June, in the year 1832, and filed this his bill on 5th April, 1837. By agreement of the parties, the case was submitted to the Chancellor on bill, answer, and general replication, to determine whether there should be a decree to account. No replication was in fact filed.

We must, as we apprehend, however, consider the case as if a replication had in fact been filed, for the agreement indicates that the case was to be heard by the Chancellor upon bill, answer and replication. Such was the clear understanding of the parties, and we cannot, without injustice, consider the answer as not replied to.

In this view of the agreement, the cause is set down for hearing, and the facts set out in the answer as a defence, are denied.

The partnership is stated in the bill, and is confessed by the

35    v.12

answer, and in such case the general rule is, that an account is of course, unless the party has slept upon his rights.

It is objected, that this case furnishes an exception to the general rule, and that lapse of time bars an account. We shall not examine the question, whether this defence should have been relied upon in the answer, to be available, because we do not believe that such a defence would be legitimately made under the circumstances of this case. It is true, the partnership existed in this case for a long period, but it never was dissolved, till the death of the complainant's intestate operated a dissolution, and this event never occurred until December, 1825, and from 1821 to the period of *Frederick Lindenberger's* death, the defendant *Hebb*, who was himself one of the partners, was entrusted to wind up and settle the concern, at an annual salary. No administration existed on *Lindenberger's* estate until 1832, and it could not be doubted, but that the administrator of *Lindenberger*, when his rights accrued, had a perfect right to call upon the surviving partner for an account. The delay of the administrator for nearly five years, to file his bill, is not in our judgment such a delay as would enable the respondent to rely on the lapse of time, and to treat the claim as a stale claim; and therefore, not entitled to the countenance of a court of equity.

We are, therefore, of opinion, that the case should have been sent to the auditor; that an account should be taken of the co-partnership transactions.

From the above views, it will follow, that the decree of the Chancellor, dismissing the complainant's bill, should be reversed, and that the cause should be remanded to the Chancellor for further proceedings.

DECREE REVERSED AND CAUSE REMANDED.