JACOB FRIED ET AL., SURVIVING PARTNERS, ETC.,

*vs.*

SELMA R. BURK, EXECUTRIX, ETC.

*Partners and partnerships: surviving partners; accounting with personal representatives of deceased partner. Pleading in equity: multifariousness.*

The surviving partners of a firm can not deprive the executor or administrator of a deceased partner of the right to a full and accurate accounting.                                    p. 506

The relations of surviving partners and the personal representatives of a deceased partner are those of *quasi* trustees and *cestui que trustent.*                                    p. 507

A bill filed against the surviving partners for an accounting by the executors of a deceased partner prayed that the defendants might be required to answer under oath, etc., that the complainant might have the books examined, etc., that the defendants might be required to account to the complainant for the interest of the deceased partner in the partnership property to the time of his death; that the money collected on a certain policy of life insurance that had been made payable to the firm, and had been collected by them, might be declared partnership assets, and that a certain agreement between the defendants as to the division of the assets, be declared void,

and for general relief: *Held,* that the bill was not multifa-
rious.                                                                        p. 510

A bill in equity is bad for multifariousness when it embraces
different persons as complainants or defendants, who have no
privity with each other, or where the same person is complain-
ant in different capacities, or where the defendant is made
defendant in regard to several distinct matters having no con-
nection with each other.                                               p. 509

*Decided April 7th, 1915.*

Appeal from Circuit Court No. 2 of Baltimore City.
(AMBLER, J.)

The facts are stated in the opinion of the Court.

The cause was argued before BOYD, C. J., BRISCOE,
BURKE, THOMAS, PATTISON, URNER, STOCKBRIDGE and CON-
STABLE, JJ.

*William B. Bamberger,* for the appellant.

*Roger T. Gill* and *Edward M. Hammond,* for the appellee.

THOMAS, J., delivered the opinion of the Court.

Charles Burk, of Baltimore City, a member of the firm of
Burk, Fried and Company, died on the 17th of October,
1913, leaving a last will and testament which was duly ad-
mitted to probate in the Orphans' Court of Baltimore City
in March, 1914, and letters testamentary were granted to his
widow, the executrix therein named. By the terms of the
will all of the testator's estate remaining after a devise to his
widow and the payment of certain legacies to her and others,
is bequeathed and devised to her, in trust to hold and manage
the same for a period not exceeding five years, so as to enable
her to gradually withdraw from the firm of Burk, Fried and
Company such part of his estate "as may be invested therein
as capital without embarrassing or hindering the operations

of the business of the said firm," and to sell the real and leasehold property belonging to his estate without forcing the same upon the market.

On the 20th of July, 1914, the executrix filed a bill of complaint in Circuit Court No. 2 of Baltimore City against Jacob Fried, Joseph Fensterwald and Julius B. Fensterwald, the surviving partners of said firm, in which it is alleged that the deceased and the defendants were for a number of years "co-partners in the business of manufacturing clothes" at the southwest corner of Baltimore street and Market Space, in Baltimore City, and that each of said partners were supposed to have an equal interest in the business; that upon the death of Charles Burk the plaintiff employed William B. Bamberger, Esq., a member of the Baltimore Bar, and also the bookkeeper of said firm, to represent her in the management of her trust, and that while so employed he prepared for her and had her file in the Orphans' Court a list of debts in which the firm is charged with being indebted to Charles Burk's estate in the sum of $66,138.79, which debt, she is now informed, is supposed to represent the entire interest of the testator in the partnership of Burk, Fried and Company, as follows:

"Capital account ........................$56,874.52
"Loan account .......................... 22,500.00
　　　　　　　　　　　　　　　　　　　　　　　—————————
　　　　　　　　　　　　　　　　　　　　　　　$79,374.52

CREDITS.

"1/8 Inventory of Dallas
　　　store....................$ 9,117.92
"1/16 Inventory of Memphis,
　　　Tenn., store ............. 2,195.12
"Charles Burk's withdrawals,
　　　1913................... 1,922.69
　　　　　　　　　　　　　　　　—————————
　　　　　　　　　　　$13,235.73 $13,235.73
　　　　　　　　　　　　　　　　　　　—————————
　　　　　　　　　　　　　　　　　　　$66,138.79;"

that the above account was prepared by William B. Bamberger from the books of Burk, Fried and Company, "supposedly in the interest of your oratrix, while he was in the employ and subject to the control and direction of the surviving members of" the firm; that the plaintiff has no knowledge as to its accuracy, and that the defendants have refused to allow her to examine the books of the firm for the purpose of ascertaining their condition, but that from the information since received by her she charges and alleges that the same is not "a true statement of the interest and account" of the testator in the partnership.

The bill further alleges that the defendants in their alleged statement of the interest of the testator in the partnership estate have valued some of the assets of the firm far below their market value, claiming that the same is in accordance with the books of the firm; that they have valued the property at the corner of Baltimore street and Market Space, the cost price of which was in excess of $145,000, at $100,-000.00; the property No. 748 Lombard street, the cost price of which exceeded $13,000, at $6,000, and the property No. 8 Market Space, which cost more than $2,000, at $1,441.65, and that they have valued the stock, fixtures, etc., without reference to their market value, as appears by a copy of their statement filed with the bill as "Exhibit No. 3." It is also averred that in the statement referred to the interest of the testator in the firm assets is not credited with any part of the undivided profits of the firm, amounting to $53,769.85, or any part of the profits for the year 1913; that the plaintiff is entitled to have the statement of payments made to the testator in the year 1913, amounting to $1,922.69, and the item in the statement designated "Goods Account," amounting to $639.03, verified; that the defendants have collected from the New York Mutual Life Insurance Company, on a policy of insurance on the life of the deceased, payable to the firm, the sum of $15,000 (to which no reference is made in the statement), and that as the cost of the policy was paid

by the firm, and the policy was one of the assets of the firm, the estate of the deceased is entitled to one-fourth of the amount collected thereon.

The bill further alleges that the testator in his will, a copy of which is filed with the bill, directs his executrix in settling with the surviving partners of Burk, Fried and Company to accept as the value of his interest in the business of the firm the valuation thereof as shown by the last inventory "regularly taken and made by the said firm prior to his death"; that said provision of the will "is not mandatory but directory * * * but if the Court should decide that the same is mandatory then" the plaintiff "is entitled to examine and verify such last inventory, all of which has been denied her." It also avers that the deceased and the defendants, on the 2nd of May, 1913, "attempted to enter into an agreement," a copy of which is exhibited with the bill, in which, after reciting that the firm of Burk and Company, of Dallas, Texas, was, on January 1st, 1913, indebted to them in the sum of $72,943.41, and that the firm of Burk and Company, of Memphis, Tenn., was indebted to them, on the 1st of January, 1913, in the sum of $35,121.80; that they had from time to time set aside from their profits sums designated in their books as "Undivided profits," amounting, on January 1st, 1913, to $53,769.80, for the purpose of meeting any loss that might accrue from said accounts of the two firms referred to and to keep their capital account intact, they agreed that in the event of the death of either of them during the year 1913 * * * such undivided profits should become the property of the surviving partners of Burk, Fried and Company, who, in accounting to the executor of the deceased partner, should consider the account of Burk and Company, of Dallas, Texas, as worth fifty per cent. of the amount due January 1st, 1913, that is to say, $36,471.70, and the account of Burk and Company, of Memphis, Tenn., as worth seventy-five per cent. of the amount due January 1st, 1913, or $26,341.35, and that to these amounts all charges after January 1st,

1913, should be added, and all credits after that date should be deducted in ascertaining the amounts for which the surviving partners must account to the estate of the deceased partner on account of said claims. That agreement, the plaintiff charges, is void for want of consideration, and she further charges that if it is not void, then its "true meaning" is that the accounts therein mentioned are to be paid out of the undivided profits, whereas the defendants, in fixing the value of the testator's interest in the partnership estate, have claimed the whole of the undivided profits and charged the interest of the testator "with its proportionate part of the supposed loss from" said accounts.

In conclusion the bill avers that for the purpose of ascertaining the interest of the deceased in the partnership she is entitled to have "the books, papers and assets of" the firm examined by an accountant, and that the facts of which discovery is sought "are indispensable as proof to the plaintiff, and that she is unable to prove them except by the answer of the defendants."

The bill then prays (1) that the defendants "may be required to answer under oath and set out in detail and discover all property of every kind, real and personal, wheresoever situated, belonging to the firm of Burk, Fried and Company * * * on October 17th, 1913, the date of the death of Charles Burk;" (2) that the plaintiff may have "the books, papers and assets of said firm * * * examined by an accountant under the supervision" of the Court; (3) that the defendants may be required to account to the plaintiff for the interest of Charles Burk in the partnership property to October 17th, 1913; (4) that the money collected on said policy of insurance "be declared to be partnership assets;" (5) that the alleged agreement between the partners be declared void, and (6) for general relief.

The defendants demurred to the bill "and each paragraph thereof" upon the ground, first, that the plaintiff has not stated in the bill "such a case as entitles her to any relief

in equity against the defendants or any of them;" second, that "there is a want of certainty in the bill," and, third, that "it appears by the bill that the same is exhibited against these defendants for several and distinct matters and causes, and that the bill is multifarious." The Court below over-ruled the demurrer, with leave to the defendants to answer, and this appeal is from that order.

The obvious purpose of the bill is to secure from the de-fendants an accurate accounting of the partnership estate, and to require them, as surviving partners, to make discovery of the property and assets of the firm. The averments are, in substance, that Charles Burk was at the time of his death a member of the firm of Burk, Fried & Co., of which the defendants are the surviving partners; that the deceased left a last will and testament, and that letters testamentary have been granted to the plaintiff; that the defendants have sub-mitted to her a statement of the partnership estate in which the interest of the deceased is represented to be $66,138.73; that the statement so submitted to her is not a true account of the property and assets of the firm or a correct statement of the interest of the deceased therein; that the defendants have in said statement valued the partnership property far below its market value and without regard to its real value, and have refused to permit the plaintiff to examine the books of the firm for the purpose of verifying the account rendered her or ascertaining the items and amount of the estate. These averments are admitted by the demurrer, and to hold that they do not present a case for equitable inter-position and relief would in effect constitute the surviving partners of a firm the sole arbiters of a deceased partner's interest in the partnership estate, and deprive his executor or administrator of the right to exact from them a full and accurate accounting. Such a doctrine is not supported by either principle or authority. That the relation of surviving partners and the personal representative of a deceased partner is that of *quasi trustees* and *cestui que trust,* has been fully

recognized in this State. It is the right and duty of the former to administer the partnership property and to account to the latter for the deceased partner's interest, and the jurisdiction of courts of equity to enforce that duty, does not rest merely upon the doctrine concerning accounting, but upon the principles applicable to the administration of trusts. *Glenn* v. *Hebb,* 12 G. & J. 271; *Walker et al.* v. *House,* 4 Md. Ch. 39; *Smith* v. *Townshend,* 27 Md. 368; *McKaig* v. *Hebb,* 42 Md. 227; *Welbourn* v. *Kleinle,* 92 Md. 114; *Miller's Pro.,* sec. 721; *Denver* v. *Roane,* 99 U. S. 355; *Pomeroy's Equity Jurisprudence* (2nd Ed.), secs. 1063, 1088, 1421; *Parsons on Partnership* (3rd Ed.), pp. 441-442, 508-509; *Bates on Partnership,* secs. 715, 739, 740; 30 *Cyc.,* 621, 684, 712.

In *Welbourn* v. *Kleinle, supra,* where the bill was filed to compel the surviving partner to account for the partnership assets at their true value, JUDGE PEARCE quotes the statement in *Parsons on Contracts,* 441-2, that "Surviving partners are held strictly as trustees, and their conduct in discharging their trust is carefully looked after by courts of equity," and says, "The law is stated in similar language in *Bates on Partnership,* sec. 743, and in *Perry on Trusts,* Vol. 1, sec. 178. Whether it is technically accurate to designate them trustees is not material, since there is a general concurrence among text writers, and in the decided cases, that they are trustees in a certain sense, and that they sustain a fiduciary relation to the representatives of the deceased partner." After referring to the well-established rule of perfect fairness and good faith applicable to dealings between a trustee and his *cestui que trust,* and applying it to the facts of that case, where the surviving partner had purchased a deceased partner's interest in the partnership estate from his executrix, he said further: "In the leading case of *Ogden* v. *Astor,* 4 Sandfords S. C. 350, 334, 335, it is said: 'It is incumbent on surviving partners to give to the administrator of the deceased partner a full statement of all the property of the joint con-

cern;' and 'to make all the disclosures necessary to enable the administrator to form a correct judgment as to the condition of the partnership affairs' 'or which in the mind of a prudent person would be likely to affect the question of the account.' And in *Perry on Trusts,* Vol. 1, sec. 178 (4th Ed.), it is said :'If a partner who keeps the accounts of the firm should purchase his co-partner's interest without disclosing the state of the accounts, the agreement could not stand.' "

Surviving partners have no right to take the partnership property at their own valuation, *Walker* v. *House, supra,* and it is said in *Smith* v. *Townshend, supra*: "The bill also prays for an account; and *cestui que trust* have at all times the right to call a trustee into equity for the purpose of having an account of the trust property." See also *Bruns* v. *Spalding,* 90 Md. 349.

In *Denver* v. *Roane, supra,* the Supreme Court said: "That a bill in equity may be maintained by the personal representatives of a deceased partner against the survivors to compel an account, so far as an account is possible, and for a discovery of the partnership property which came into their hands, is undeniable, and such was the object of the present bill." And in 2 *Lindley on Partnership* (2 Am. Ed.), star p. 501, it is said: "The right of every partner to a discovery from his co-partner of all matters relating to the partnership dealings and transactions is as incontestable as his right to an account; and such right, like the right to an account, devolves upon, and is enforceable against, a partner's legal personal representatives and trustees in bankruptcy."

The fact that the bill seeks also to have the agreement of the 2nd of May, 1913, declared void, and the proceeds of the policy of life insurance adjudged to be a part of the assets of the partnership estate does not render it multifarious. It is said in *Miller* v. *Balto. County Marble Co.,* 52 Md. 642: "It will be found upon an examination of the many cases in which this subject has been considered, that the objection to bills in equity on the ground of *multifarious-*

*ness,* is confined to three classes: 1st. Where the bill embraces different persons as plaintiffs or defendants, who have no privity with each other, as in *Exeter College* v. *Rowlan,* 6 Madd. 94, and *Attorney-General* v. *Merchants Tailors Co.,* 1 M. & K. 189; 2nd. Where the same party sues or is sued in different capacities, as in *Ward* v. *Duke of Northumberland,* 2 Anst. 469, and 3rd. Where the defendant is sued in regard to several distinct matters, which have no connection with each other, as in *Attorney-General* v. *Goldsmith,* 5 Sim. 675. Now it is very clear, the bill before us does not come within either of these classes. It is simply a bill by a creditor and shareholder, alleging the insolvency of the corporation, and praying that the shareholders may be assessed ratably for the payment of the debts of the company. It is true, that in addition to the prayer for general relief, the complainant seeks to restrain the execution of a judgment, which he alleges was fraudulently recovered against the corporation. But all the parties have a common interest in the subject-matters embraced in the bill—a common interest in ascertaining the liabilities of the company, including the Fickey judgment, and the amount which each shareholder is liable for contribution on account of said indebtedness. In no sense then can the bill be said to be *multifarious.*" In the recent case of *Roth* v. *Stuerken, ante,* p. 404, JUDGE CONSTABLE, in disposing of the demurrer to the bill on the ground of multifariousness, said: "Can the defendants contend that they are not concerned with, and have no interest in, the outcome of the cause of action each against the other? The entire question to be determined is whether or not the agreement, entered into by all the parties, has been broken and violated by the two defendants, one in one manner and the other in another. The injury alleged arose out of the same transaction and over the same subject-matter. If the defendant, Roth, is liable, the defendant, Hertel, is interested to the extent of his proportion of the profits, and

if both are liable then are both interested to the extent of their respective shares."

In the case at bar all the surviving partners were necessary parties; the several matters referred to in the bill relate to the partnership estate in which they have a common interest, and a proper accounting cannot be had without a determination of the effect of the agreement and the title of the parties to the policy of insurance. The several matters presented are, therefor, not only not distinct and disconnected, but are inseparably connected and necessarily involved in a proper settlement of the partnership estate.

We have examined the cases cited by the appellant. Many of them relate to questions that may arise in the further progress of the case, but which are not presented by the demurrer. We are not now concerned with the effect of any account that may have been stated by the partners prior to the testator's death, but are here considering the right of the plaintiff, upon the allegations of the bill, to an accounting and discovery and an adjudication of the validity of the agreement and the interest of the parties in the proceeds of the policy. The authorities relied upon by the appellant, when applied to the material averments, are not in conflict with those to which we have referred.

The bill being free from any of the objections raised by the demurrer, the order of the Court below will be affirmed.

*Order affirmed and case remanded, the*
*costs to be paid by the appellants.*