ANNIE E. DORMAN, Executrix, et al.

*vs.*

HERBERT O. GALE et al.

*Fraud—Confidential Relation.*

The relation between the grantee in a deed and the grantor, his mother-in-law, *held* to have been such as to impose on him the burden of showing that the execution of the deed was the free, voluntary, and unbiased act of the grantor, the grantee and his wife, recently deceased, and the grantor, having lived together for approximately thirty years. p. 410

In a suit to set aside a deed made by the grantee's mother-in-law, *held* that, in view of the confidential relation existing between the parties, of the concealment from the grantor of a conveyance of the other half-interest in the same property to the same grantee by his wife, the grantor's daughter, and of the fact that the grantor was kept in ignorance of the nature of the instrument executed by her, the deed should be set aside. pp. 411, 412

*Decided January 12th, 1923.*

Appeal from the Circuit Court for Talbot County, In Equity (ADKINS, C. J.).

Bill by Herbert O. Gale and J. Fletcher Clark, trustees of the Methodist Protestant Church of Easton, and others, against William J. H. Wooters. From a decree for plaintiff, Annie E. Dorman, executrix, and Annie E. Dorman, Mollie A. Wise, and Joseph A. Wooters, substituted as defendants on the death of William J. H. Wooters, appeal. Affirmed.

The cause was argued before BOYD, C. J., BRISCOE, THOMAS, PATTISON, URNER, STOCKBRIDGE, and OFFUTT, JJ.

*Ridgely P. Melvin,* with whom was *Charles J. Butler* on the brief, for the appellants.

*Alfred L. Tharp* and *J. Fletcher Clark,* for the appellees.

STOCKBRIDGE, J., delivered the opinion of the Court.

The above entitled case comes to this Court on an appeal from a decree in equity of the Circuit Court for Talbot County. This case originated in a bill filed in the Circuit Court for Talbot County by the devisees under the will of Sarah A. Carmine against William J. H. Wooters. Before the time arrived for the filing of an answer, Mr. Wooters had died, and the bill was answered by his executrix and the devisees under his will.

The object and purpose of the bill was to have set aside a deed, made by Mrs. Carmine to the defendant, of her half interest in a lot of ground on the south side of Goldsborough Street in the town of Easton. Mattie A. Wooters, the wife of the original defendant, was the daughter of Mrs. Carmine and the owner of the other undivided one-half interest in the same lot. In 1916, shortly before her death, Mrs. Mattie A. Wooters conveyed her undivided interest to her husband, J. H. Wooters, and the effect of the deed sought to be set aside in this proceeding was to vest in Mr. Wooters the entire interest in said lot.

The case is one of fact and involves no new legal principle. The leading element in it is the relationship which existed. The relationship between a mother-in-law and son-in-law is not such as of itself carries with it a presumption that the execution of a deed from one to the other was necessarily within the class stamped by the law as fraudulent. That phase most frequently occurs in the case of a deed from a child to its parent, but the facts of the relationship and manner of life of the parties at or about the time of the execution of the deed, may or may not be the rule which governs confidential relations in a way to make it a controlling factor.

The record in this case discloses that Mrs. Carmine and Mr. and Mrs. Wooters had lived together as one family in the town of Easton in the neighborhood of thirty years; and that their life had always been entirely agreeable and satisfactory to both Mrs. Carmine and Mrs. Wooters. No question of mental incapacity is involved in the present case, but

it is abundantly established that Mrs. Carmine was very much worked up and made extremely nervous as the result of the death of her daughter, Mrs. Wooters, and the deed which is now sought to be set aside was executed before that condition had subsided.

Mr. Wooters was in business in the town of Easton, and after his wife's death he and Mrs. Carmine continued in the same friendly relation as seems to have existed theretofore. In this condition of the parties, the only fair inference is that the burden of proof was cast upon the grantee in that deed, Mr. Wooters, of showing that the execution of it was the free, voluntary, and unbiased act of the grantor. If this is done and there is no question of capacity and undue influence, a court will not strike down a voluntary deed merely to gratify the caprice of one of the parties, or because of their subsequently changed relation. *Jervis* v. *Jervis*, 127 Md. 133; *Mulfinger* v. *Mulfinger*, 114 Md. 463.

In the case of *Hammersley* v. *Bell*, 134 Md. 172, it appeared that an elderly woman in feeble health was living with her daughter and son-in-law and was under their care and protection, and for a nominal sum conveyed nearly all of her property to the son-in-law, and it was there held that the relation of the parties was such as to impose the burden on the defendants of proving that the deed was the deliberate and voluntary act of the grantor and made without undue influence or fraud upon the part of those who profited thereby. This last case in its facts very clearly approximates the case now under consideration. To this same effect, cases might be multiplied almost indefinitely both in this and other states, but so well settled is the rule that, under the evidence as it appears in the record, it would be amply sufficient if this case should be rested alone upon the decision of this Court in the last cited case.

The most important witness in the case was Russell Soulsby. He was the notary public before whom Mrs. Carmine executed the deed which is the subject of this attack, and he also was the official before whom Mrs. Wooters executed her

deed in 1916 to her husband, Wm. J. H. Wooters. With regard to this last mentioned deed, Mr. Soulsby testified that he was stopped on the street on the morning of the day of its execution and told by Mr. Wooters to stop at his house that afternoon to execute a paper from his wife to himself, and was also told that in case Mrs. Carmine entered the room while he was there, not to "let on" that the witness was there for the purpose of executing a paper. The same notary took the acknowledgment of Mrs. Carmine to the deed now attacked, and which Mr. Wooters had had prepared. He testified that this deed was not read over to Mrs. Carmine by himself or anyone else in his presence nor did Mrs. Carmine read it. The apparent desire by Mr. Wooters to conceal from Mrs. Carmine the fact of the execution by Mrs. Wooters to Mr. Wooters of her one-half interest in the Goldsborough Street property, the production by Mr. Wooters of the deed for the remaining half interest in the same property, and the execution or attempted execution of the paper without reading it, and apparently without any definite knowledge of the contents of the same, form a strong indication of fraud upon the part of Mr. Wooters. It is true that a witness was called by the plaintiff, Mrs. Mary Patchett, who said that to her recollection the document was read over to Mrs. Carmine by the notary, but this cannot be accepted as the correct version, as against Mr. Soulsby's positive testimony that he did not read the paper to her nor was it read to her in his presence. Mrs. Patchett also testified, as do some of the other witnesses, that the paper which Mrs. Carmine was executing was the deed of the half interest in the Goldsborough Street property which had belonged to Mrs. Wooters, and she said to several witnesses, after the execution of the deed that she, Mrs. Carmine, hoped that she had not been done out of her property. Mr. Soulsby also testified that Mrs. Carmine said to Mr. Wooters, "I hope you won't do me out of my property," and he replied, "No, it is only to protect me in case you go before I do."

Even though no such condition existed as would bring the transaction under the doctrine of confidential relations, this would be evidence which would tend strongly to show actual fraud.

The bill alleges that Mrs. Carmine before her death had discovered the nature of the deed which she had executed to Mr. Wooters and had given counsel direction to proceed for the purpose of having the deed set aside, but died before any such proceeding was actually begun.

The judge who sat in this case in Talbot County filed a very lengthy and elaborate opinion setting the deed aside and basing his conclusion solely upon the question of the confidential relation which existed between the parties. Sufficient has been recited of the evidence to show that there was ample ground for the institution of such proceedings, even though the bill vacating the deed at the instance of Mrs. Carmine had not been filed, and it is perfectly clear that, when coupled with the evidence tending to show positive fraud, the onus of proof which the law casts upon those who receive a benefit where confidential relations exist has not been met by the devisees and executrix of Mr. Wooters; and this Court entirely concurs with the conclusion reached by the Circuit Court for Talbot County and its action will accordingly be approved and the decree affirmed.

*Decree affirmed, costs to be paid by the appellants.*