ETHEL K. CHILDERS, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 88829. Promulgated May 18, 1939.

*Robert Stone*, Esq., and *Ellis D. Bever*, Esq., for the petitioner.
*Carroll Walker*, Esq., and *R. E. Maiden, Jr.*, Esq., for the respondent.

**OPINION.**

OPPER: In support of his determination that the entire income from the trust is taxable to petitioner, respondent urges that the trust is in fact no trust at all, due to the power and control reserved by

petitioner over the trust corpus and income; and, in the alternative, that the petitioner is taxable on the entire income from the trust under the provisions of section 166 or 167 of the Revenue Act of 1934.[1]

In support of his first contention respondent relies upon *Benjamin F. Wollman,* 31 B. T. A. 37; *William C. Rands,* 34 B. T. A. 1107; *Warren H. Corning,* 36 B T. A. 301 (on appeal, C. C. A., 6th Cir.); and *Estate of A. C. O'Laughlin,* 38 B. T. A. 1120. Although there might be merit in the application of this principle to the case at bar, we prefer to base our decision on respondent's alternative contention. The present case, in our opinion, is clearly within section 167.

Petitioner's interest either as grantor or as trustee was certainly not adverse within the meaning of that section, *William Clark Arkell,* 38 B. T. A. 177, 181. Whether all or any part of the income should be accumulated, whether it was to be treated as corpus, whether the corpus should be invaded and, if so, to what extent, and whether such accumulation or invasion should be for her benefit rested entirely within her discretion. The trust instrument on this point is too clear for argument. The power to determine what was principal, to invade the corpus, and to accumulate is specifically stated to be discretionary in the trustees and at another point the instrument expressly vests in the petitioner as trustee the right to exercise any discretion which by the instrument would otherwise rest in the trustees. And her determinations are declared to be bind-

---

[1] SEC. 166. REVOCABLE TRUSTS.

Where at any time the power to revest in the grantor title to any part of the corpus of the trust is vested—

    (1) in the grantor, either alone or in conjunction with any person not having a substantial adverse interest in the disposition of such part of the corpus or the income therefrom, or

    (2) in any person not having a substantial adverse interest in the disposition of such part of the corpus or the income therefrom,

then the income of such part of the trust shall be included in computing the net income of the grantor.

SEC. 167. INCOME FOR BENEFIT OF GRANTOR.

  (a) Where any part of the income of a trust—

    (1) is, or in the discretion of the grantor or of any person not having a substantial adverse interest in the disposition of such part of the income may be, held or accumulated for future distribution to the grantor; or

    (2) may, in the discretion of the grantor or of any person not having a substantial adverse interest in the disposition of such part of the income, be distributed to the grantor; or

    (3) is, or in the discretion of the grantor or of any person not having a substantial adverse interest in the disposition of such part of the income may be, applied to the payment of premiums upon policies of insurance on the life of the grantor (except policies of insurance irrevocably payable for the purposes and in the manner specified in section 23 (o), relating to the so-called "charitable contribution" deduction);

then such part of the income of the trust shall be included in computing the net income of the grantor.

  (b) As used in this section, the term "in the discretion of the grantor" means "in the discretion of the grantor, either alone or in conjunction with any person not having a substantial adverse interest in the disposition of the part of the income in question."

ing and conclusive on all concerned. True, the use of the corpus[2] is to be for her "comfort", but the term "comfort" is so much broader than "maintenance" or "support" that it has been held that the purchase of a residence for a beneficiary is within its scope. *Lord* v. *Roberts*, 84 N. H. 517; 153 Atl. 1, 4. On the present record there is no such "irreducible minimum" of the other beneficiaries' interests as is referred to in *Kaplan* v. *Commissioner*, 66 Fed. (2d) 401 (C. C. A., 1st Cir.). *Lewis Hunt Mills*, 39 B. T. A. 798.

It is argued that the discretion to be exercised is that of petitioner as trustee. Whether such refinements of individuality were within the intention of Congress in enacting sections 166 and 167, it is not now necessary to decide. Cf. *William Clark Arkell, supra.* See *Kaplan v. Commissioner, supra.* Suffice it to say that even though the discretion be that of the grantor as trustee, we have found it none the less to be within the province of section 167. *Fanny M. Dravo et al., Executors*, 34 B. T. A. 190, 194; *Charles Kaplan*, 26 B. T. A. 379, 383; affirmed on this issue, *Kaplan v. Commissioner, supra.* *Higgins* v. *White*, 93 Fed. (2d) 357 (C. C. A., 1st Cir.), relied upon by the petitioner, was decided under a prior act. Under the 1934 Act, with which we are here concerned, it is not necessary that the grantor, as such, be involved in any way in the exercise of the discretion or power described. So long as these are vested in a person not adversely interested, the condition of the statute in its present form is fulfilled. Petitioner even as trustee did not have that adverse interest. *Willam Clark Arkell, supra.*

It is said further that the trust instrument does not confer the power upon this petitioner effectively to accumulate income and distribute principal for her own benefit. But the argument as analyzed is essentially circular in nature. It proceeds as follows: The power is not given petitioner because under the trust she must perform her duties as trustee. As trustee she owes a duty to the beneficiaries. This duty is to consult their interests as granted by the trust instrument when she exercises her discretion as trustee. The interests granted by the trust instrument to the beneficiaries include the right not to have the trust dissipated by distribution to the grantor. It will be seen that we have thus arrived at the point from which we started. The circle is completely broken when we say that the rights of the beneficiaries and the corresponding limitation on the petitioner

---

[2] It is assumed for the purposes of this decision that the "E. K. Childers Trust" was one trust with a single corpus, even though there were several beneficiaries. This assumption is made because throughout the stipulation of facts it is so treated and because petitioner does not contend otherwise. In fact petitioner states in her brief: "The body of the trust is to be kept as an entirety until final distribution, and to that total fund are to be added before distribution all undistributed accumulations."

were only those contained in the trust instrument.[3] In practical and legal effect these were only that petitioner conform to the terms of the instrument. As we have seen, she could while conforming to those terms effectively exclude the other beneficiaries from participation whenever she should so determine.

We have repeatedly recognized that the purpose of the enactment of sections 166 and 167 was to prevent tax avoidance by the creation of revocable trusts and to include, as revocable, trusts which might by the exercise of even a disinterested discretion be held, accumulated, or terminated for the real benefit of the grantor. *Warren H. Corning,* *supra.* It would be idle to contend that the instrument before us does not present such a situation.

Reviewed by the Board.

*Decision will be entered under Rule 50.*

---

[3] "In approaching the decision of the question before us, it is to be borne in mind that the trustee is not a trustee of the power of revocation and owes no duty to the beneficiary to resist alteration or revocation of the trust. Of course he owes a duty to the beneficiary to protect the trust res, faithfully to administer it, and to distribute the income; but the very fact that he participates in the right of alteration or revocation negatives any fiduciary duty to the beneficiary to refrain from exercising the power." *Reinecke* v. *Smith,* 289 U. S. 172.