HARRY L. CLEVELAND

*v.*

PHŒBE A. CLEVELAND.

*Opinion filed February 21, 1907.*

1. APPEALS AND ERRORS—*a person not a party to suit cannot appeal.* The right to an appeal is statutory, and no one is authorized to prosecute an appeal who is not a party to the suit.

2. PARTIES—*an individual is not a party to suit begun by him in capacity of executor.* One who sues out a writ of error from the Appellate Court in his capacity as executor, only, has no right to take an appeal to the Supreme Court as an individual, since he is, as an individual, as much a stranger to the record as though he bore a different name and had no interest in the litigation.

APPEAL from the Appellate Court for the First District;— heard in that court on writ of error to the Circuit Court of Cook county; the Hon. LOCKWOOD HONORE, Judge, presiding.

F. S. BAIRD, for appellant.

HENRY L. WILSON, (C. VANALAN SMITH, of counsel,) for appellee.

Mr. JUSTICE FARMER delivered the opinion of the court:

This is an appeal from a judgment of the Appellate Court affirming a judgment of the circuit court, which judgment sustained and confirmed a judgment of the probate court approving the widow's award set off to Phœbe A. Cleveland, widow of Henry L. Cleveland, deceased.

Appellant was one of the executors of the will of said Henry L. Cleveland, but as such executor he was not a party to the suit in the circuit court. The record shows that Harry L. Cleveland, and not Harry L. Cleveland, executor, objected to the amount allowed the widow as an award in the probate court and entered his motion in said court to have

the judgment approving and confirming said award set aside. This motion was overruled and he appealed to the circuit court. The appeal bond was given by him as an individual, and not as executor. A trial was had in the circuit court, and on the 17th day of April, 1905, a judgment was rendered approving and confirming the order of the probate court fixing the amount of the widow's award, and thereupon Harry L. Cleveland, not as executor but as an individual, prayed an appeal to the Appellate Court. On May 20, 1905, Harry L. Cleveland, "one of the executors of the last will and testament of Henry L. Cleveland, deceased," presented an appeal bond purporting to be executed by him as executor, and moved the court to approve it as "his amended bond as such executor, upon his appeal from the probate court to this court," which motion was denied. Thereafter "Harry L. Cleveland, one of the executors, etc.," presented a bond for an appeal to the Appellate Court in the sum of $1100 and moved the court to approve the same. This motion was denied and an order entered allowing an appeal to Harry L. Cleveland upon his filing bond in the sum of $500, with good and sufficient security, within thirty days. In its order refusing to approve the bond of Harry L. Cleveland, executor, the court recited "that the appeal, if any, should be by said Harry L. Cleveland as an individual or heir-at-law." No appeal was prosecuted from the judgment of the circuit court but a writ of error was sued out of the Appellate Court by Harry L. Cleveland as executor. In affirming the judgment of the circuit court that court said in its opinion, "Plaintiff in error sued out this writ of error as executor, which he had no right to do," but considered and determined the case on its merits. The appeal allowed by the Appellate Court to this court is "to Harry L. Cleveland individually," and the bond was executed by appellant in that capacity. The record and judgment of the Appellate Court show that the case there determined was a suit of Harry L. Cleveland, executor, against Phœbe A. Cleveland. Harry L. Cleveland in his in-

dividual capacity or as an heir was not a party to that suit. In his individual capacity Harry L. Cleveland is as much a stranger to that record as if he bore a different name and had no interest whatever in the subject matter of the litigation. The right to an appeal is statutory, and no one is authorized to prosecute an appeal who is not a party to the suit. *Louisville, Evansville and St. Louis Consolidated Railroad Co.* v. *Surwald*, 147 Ill. 194.

The appeal is therefore dismissed at appellant's cost.

*Appeal dismissed.*