Wiley, Executor, *v.* Wiley et al.

[No. 10,333. Filed February 21, 1919.]

Appeal.—*Right to Appeal.—Executor in Representative Capacity.*— Where an executor of an estate filed a final report, to which exceptions were filed by other legatees, the executor as such cannot appeal from a decision of the trial court refusing to approve his original final report, where the rulings complained of were for the benefit of the estate, and the only relief sought by the appeal was on behalf of the executor as an individual legatee.

From Adams Circuit Court; *David E. Smith,* Judge.

Alexander J. Wiley, executor, filed his final report, to which exceptions were filed by Oliver P. Wiley and another. From a judgment approving a corrected final report, the executor appeals. *Appeal dismissed.*

*A. L. Sharpe* and *Peterson & Moran,* for appellant. *E. C. Vaughn* and *George W. Cromer,* for appellees.

Appellant, as executor of the will of his deceased father, filed his report in final settlement of the trust. Two of the legatees—a brother and a sister of the executor—filed exceptions to the report. After a hearing thereon, the court found against the executor on some of the exceptions, reduced the amount claimed by the executor for his services, reduced the amount claimed as fees for services rendered the estate by attorneys employed by him on behalf of the estate,

and directed him to collect certain costs due the estate and arising out of litigation which involved the estate. The court then ordered the executor tô file an amended final report in accordance with its finding. The effect of this proceeding was to save to the estate a considerable sum of money, and thereby to increase the distributive shares of the legateés. To this action of the court the executor excepted.

Thereafter the executor filed his amended final report, together with a petition or request for a construction of §3144 Burns 1914, §2586 R. S. 1881. The reason for that request grows out of the following facts: When the testator executed his will, he had eight children, all of whom were then living and who constituted his sole heirs at law. The will provided that his estate should be distributed to said children in equal shares. Subsequently, his daughter, Mrs. Amanda Gordon, died, leaving two sons. Thereupon the testator executed a codicil, by which he provided that the sons of Mrs. Gordon should have $250 each, and that the residue of his estate should go to his seven surviving children in equal shares. The codicil was attested by two subscribing witnesses, of whom this executor is one. The executor made his amended final report on the basis that he is entitled to one-seventh of the estate; but the exceptors contended that, by virtue of said statute, he is entitled to one-eighth only. This identical controversy was incidentally involved in *Wiley* v. *Gordon* (1914), 181 Ind. 252, 104 N. E. 500, and appellant informs this court that it is the only question presented by his appeal herein.

On motion of the exceptors, the executor's request for a construction of said statute and also his amended final report were stricken. To that action of the

court the executor excepted. He then filed a corrected final report showing distribution to himself of one-eighth of the estate. This report the court approved, and to this action of the court the executor excepted. The executor then prayed an appeal, which was granted, and thirty days were given in which to file bills of exceptions.

No motion for a new trial was filed. No appeal bond has been given. Appellant's brothers and sisters, six in number, are the only persons made appellees; but notice has been served on two only. The errors assigned are: (1) In striking out appellant's first amended final report; (2) in ordering a new final report; (3) in approving the last final report; and (4) in striking out appellant's request for a construction of the statute.

DAUSMAN, C. J.—It is apparent that by this proceeding Alexander J. Wiley is seeking to advance his individual interests which directly conflict with the trust, which, as executor, it is his duty scrupulously to protect. If he feels that he has suffered any injustice in this matter, it can be only because he has been denied that which he sought for his own personal benefit. The trust which he is sworn faithfully to administer has been benefited by the rulings of the trial court; and that trust is not interested in having those rulings reversed. It is evident, therefore, that Alexander J. Wiley, in his capacity as executor of the estate, cannot maintain this appeal. *Moore* v. *Ferguson* (1904), 163 Ind. 395, 72 N. E. 126. For this reason alone appellees' motion to dismiss the appeal must be sustained, and we need not consider other features presented.

The appeal is dismissed.