WILLIAM H. HAMMERSLEY, Administrator,

*vs.*

ELIZABETH H. BELL and JOHN H. BELL, Her Hus-
band, et al.

*Deeds: undue influence; bill to vacate. Section 26 of Article 5
of Code: parties and appeals; fiduciary relations; burden
of proof. Laches: when rule not applied; acquies-
cence; death and sickness of counsel.*

In proceedings to vacate a deed on the ground that it was
procured by fraud and undue influence, the son of the grantor,
who was also her administrator, is properly a party, and, under
section 26 of Article 5 of the Code, may take an appeal with or
without the joinder or assent of the other plaintiffs.          p. 181

Where a gift or conveyance made between parties who are in
fiduciary relations is brought into question, the onus is upon
the donee to prove to the court's satisfaction that it was a free,
deliberate and voluntary act of the donor.          p. 175

Where an old woman in feeble health was living with her
daughter and son-in-law and was under their care and protec-
tion, and, for a nominal sum, conveyed nearly all of her prop-
erty to the son-in-law, the relation of the parties was such as to
impose on the grantee the burden of proving that the deed was
the deliberate and voluntary act of the grantor, and made with-
out undue influence or fraud on the part of those who profited
thereby.          p. 176

Laches in prosecuting a suit actually commenced may be a
defense, as well as a delay in the beginning of the suit.          p. 177

But where the delay arises from first the death of one counsel and the long illness of another and the necessity of employing new counsel, and where the delay was apparently acquiesced in by the defendants, and no defense was ever made on account of the delay, and where the delay did not seem to be due to any personal fault of the plaintiffs themselves, but was largely owing to the difficulty of raising money for counsel fees, which condition was brought about by the very deed that the suit was intended to set aside, the defense of laches will not be applied.

p. 180

. *Decided March 6th, 1919.*

Appeal from the Circuit Court of Baltimore City. (AMBLER, J.)

The cause was argued before BOYD, C. J., BRISCOE, BURKE, THOMAS, PATTISON, URNER and CONSTABLE, JJ.

*Julian H. Wyman* and *Jacob S. New* (with whom was *George C. Sweeten*), for the appellant.

*Thomas Foley Hisky* and *R. Lee Slingluff,* for the appellee.

BRISCOE, J., delivered the opinion of the Court.

The subject-matter of this controversy, is a continuation of the litigation between the parties and was in part considered by this Court on former appeals, and reported in *Horner* v. *Bell,* 102 Md. 435, and in *Horner* v. *Bell,* 105 Md. 114.

A brief reference to those cases will be required so as it may appear what questions were then determined by us, and what are the remaining ones now open for review, and involved on this appeal.

On the 8th of July, 1902, Elizabeth H. Bell and George D. Hammersley, grandchildren of Elizabeth B. Hammersley, late of Baltimore City, deceased, filed their bill of complaint

in Circuit Court No. 2 of Baltimore City against Albert N.
Horner and Mary D. Horner, for the purpose of obtaining
a decree, to annul, vacate and set aside certain deeds made
by Mrs. Hammersley to Albert N. Horner and Mary D.
Horner the execution of which it was alleged was obtained
by fraud and undue influence, and also upon the ground that
at the time of their execution, the grantor was not mentally
capable of making a valid deed or contract.

The four deeds directly involved in that controversy were
dated July 29th, 1899, nearly three years prior to the
grantor's death, but were not recorded until June 13th, 1902,
about one week after her death. By these deeds she assigned
and conveyed away all of her property, and practically gave
all of it to her son-in-law, Albert N. Horner, to the exclusion
of her children and grandchildren.

On January 20th, 1905, by a decree of the Circuit Court of
Baltimore City, those deeds were set aside and declared to be
null and void, and on appeal to this Court this decree, after
a very careful consideration and a very full opinion by the
late JUDGE JONES, was affirmed. *Horner* v. *Bell,* 102 Md.
440.

Shortly after the return of the mandate of this Court to
the Court below, Albert N. Horner on the 24th of February,
1906, recorded another set of four deeds, dated the 9th day
of December, 1901, from Elizabeth B. Hammersley, purport-
ing to convey the identical property to the same persons as
did the deeds, declared void by this Court in 102 Md. 435,
*supra*.

On the 22nd of March, 1906, the plaintiffs filed this bill
against Albert N. Horner, Mary D. Horner and the admin-
istrator of Elizabeth B. Hammersley, wherein the same fraud
and undue influence are charged and alleged against the de-
fendants with respect to the execution of these deeds, as were
alleged against the first set of deeds in the former case.

The defendants answered the bill, and on October 11th,
1906, the case was heard on bill and answers and an order

was passed, appointing receivers to take charge of the property.

On appeal to this Court, this order was reversed on the 28th of February, 1907, and the cause remanded for further proceedings, on proof, as to the validity of the deeds. *Horner* v. *Bell*, 105 Md. 114.

The present case was not disposed of until the 2nd of March, 1918, at which time it was heard on bill, answers, exhibits and proof, including the evidence and the proceedings reported on the former appeal, 102 Md. 435.

From a decree setting aside and declaring null and void, the deeds mentioned in these proceedings this appeal has been taken.

There can be no serious difficulty as to the proper disposition of the case, on its merits, either as to the law or on the testimony contained in the two records now before us.

The principles of law, applicable to the case, are well settled and the reasons on which they rest were clearly and fully stated on the first appeal, between the same parties and need not be restated on this. *Horner* v. *Bell*, 102 Md. 435.

The testimony in this case it will be seen is as satisfactory and convincing in support of the conclusion of the Court below that the deeds now in question should be annulled and set aside, as was the evidence in the first case, in which they were declared null and void.

In the first case it was said: "It would seem from a review of the evidence in the cause as to the character of the transaction here in question, and the relations of the parties thereto and to each other in connection with it, that it is clearly brought within the principle recognized and applied in a number of cases in this Court and notably in the recent case of *Zimmerman* v. *Bitner*, 79 Md. 115, that when 'a gift or conveyance' such as here is the subject of controversy 'is in question' the onus is upon the donee to prove to the satisfaction of the Court that the conveyance was the free, deliberate and voluntary act of the donor, and made by him with

full knowledge as to its effect and operation; in other words, that he knew that the conveyance itself operated to divest him of all title to the property, and to vest it in the donee."

The deeds now in question, with the exception of the dates, are identical with those assailed in the former case, and are closely related, as parts of the same plan and are in effect substantially the same instruments.

After a careful examination of the testimony disclosed by the record in this case, and in view of the decision on the first appeal, presenting almost a similar state of facts between the same parties we have no doubt of the correctness of the decree of the Court below, vacating and setting aside the deeds now in question, in these proceedings.

Mrs. Hammersley was not only an old woman, but feeble in health, and at the time of the execution of the deeds, was living in the same house with Mr. and Mrs. Horner, and under their care and protection. At this age, in her condition of health and under the circumstances set out in the testimony, she conveyed all of her property for a nominal consideration to her son-in-law except a few small gifts to her daughter and grandchildren, thereby not only depriving herself of all of her property, but making no provision whatever for a dependent son, who was then living with her and the special object of her love and affection.

The relation of the parties to these deeds now in question and the circumstances under which they were executed, imposed the onus or burden upon the defendants of proving that the deeds were the deliberate and voluntary act of the grantor and made without undue influence or fraud upon the part of those benefited thereby. In other words, as stated by the authorities, the evidence produced must show or it must be inferred therefrom, that the deeds were "the free, deliberate and voluntary act" of the grantor and made "with full knowledge of their effect and operation." *Highberger* v. *Stiffler,* 21 Md. 338; *Zimmerman* v. *Bitner,* 79 Md. 125;

*Berger* v. *Bullock,* 85 Md. 442; *Keller* v. *Gill,* 92 Md. 190; *Dawson* v. *Waltemyer,* 91 Md. 328.

On the first appeal we held "that the irresistible inferences from the disclosures of the record leave no doubt as to the propriety of the decree in that case, and we find nothing, from an examination of the testimony contained in this record, that shows to the satisfaction of the Court that the burden of proof cast upon the defendant, has been met and discharged, as required by the rules of law, stated by us, and applied in this case.

But it is objected and contended that the case is open to the charge of laches and delay in the prosecution of the suit by the plaintiffs and for this reason, their bill should have been dismissed on final hearing in the Court below.

The present case, it will be seen, is somewhat unusual and remarkable in many respects, and especially in the length of time required in conducting the proceedings and in prosecuting the suit, but we are unable to hold, that the facts and circumstances of the case are such as to permit the defendants to invoke or to avail themselves of the rule or doctrine of laches, as a proper defense.

In *Demuth* v. *Old Town Bank,* 85 Md. 315, it is said, using the term as it is understood in the law, laches is such neglect or omission to assert a right as taken in conjunction with lapse of time more or less great and other circumstances, causing prejudice to an adverse party, operates as a bar, in a Court of Equity.

In *Sinclair* v. *Auxiliary Realty Co.,* 99 Md. 223, it was further said that what will constitute such laches as will bar the right of parties to recover on a claim purely equitable must depend upon the facts and circumstances of each case.

While it is well settled, that there may be laches, in the failure to prosecute with diligence a suit, actually commenced as well as by delay in beginning a suit, we think, under the facts and incidents of this case, and the conduct of the defendants, in acquiescing in the apparent delays, it would be

clearly inequitable and contrary to the purpose of the rule, to apply it, in this case. *Glenn* v. *Hebb,* 12 G. & J. 271; *Glenn* v. *Smith,* 17 Md. 260; *Taylor* v. *Carroll,* 89 Md. 36; *Johnston* v. *Standard Min. Co.,* 148 U. S. 370.

There was clearly no delay in the institution of the suit. Mrs. Hammersley died in June, 1902, the first set of deeds were recorded June 13th, 1902, and the bill of complaint was filed July 8th, 1902. The mandate of this Court on the first appeal was returned to the Court below on the 1st of February, 1906. The set of deeds, assailed in this case, were recorded on February 24th, 1906, and this bill of complaint was filed on March 22nd, 1906. The second appeal to this Court was decided on February 28th, 1907, and it appears, on the return of the mandate, testimony was taken by the plaintiffs, at different times from December 5th, 1907, to October 28th, 1908.

On April 26th, 1912, the plaintiffs filed a petition in the case, wherein it is alleged, that the taking of testimony and other proceedings had been interrupted and delayed by the illness and death of Mr. Harry E. Mann, one of their counsel, and then by the long and continued illness of Mr. Joseph B. Seth, their other counsel, in consequence of which they had been obliged to employ entirely new counsel; that after investigating the status of the cause, the new counsel notified the defendants of their intention to proceed with the taking of testimony, and were then invited to enter into negotiations for a settlement, which however led to no result. The petition further set forth that by deed, dated March 19th, 1907, and recorded April 17th, 1907, Albert N. Horner conveyed to Mary D. Horner, his wife, all the property that Elizabeth B. Hammersley had conveyed to him, and that by deed, dated June 7th, 1907, and recorded April 2nd, 1908, Mary D. Horner and Albert N. Horner reconveyed the same property to Albert N. Horner upon certain trusts including an equitable estate for life to William H. Hammersley.

On May 6th, 1912, the defendants, Albert N. Horner and William H. Hammersley, answered this petition, but there was no suggestion made that the bill should be dismissed for laches or any other cause.

Mary D. Horner died on March 22nd, 1908; Albert N. Horner on July 5th, 1912, and George D. Hammersley, one of the plaintiffs, in or about 1917, and then ensued a number of petitions and hearings thereon, until the return of the testimony in the case.

JUDGE AMBLER, in his opinion in the case, states "that the longest period of delay was in the lifetime of Albert N. Horner, the principal defendant, and not only did he refrain from taking any steps to speed the cause, but in his answer to the petition for receivers filed a few months before his death he contented himself with denying the right to a receivership, without a word to indicate that the main proceeding should for any reason be dismissed. Since his death there have been at least three occasions when objection to further prosecution of the cause has been distinctly made on the ground of laches. On February 6th, 1913, this question was before JUDGE GORTER, and some testimony was then offered, though not "written up" for the record, but evidently JUDGE GORTER did not sustain the objection, for he subsequently signed the order of November 7, 1913, making Almira Sweeten a party defendant. On June 19, 1914, the petition of Wm. H. Hammersley, administrator, to have the proceedings dismissed was by written order refused, and finally on June 4, 1917, the petition of William H. Hammersley in his own right to the same effect and on the same ground was refused by JUDGE DUFFY, the third judge who was called upon to consider that defense."

He further says: "If there was anything in the record to suggest that the various delays had been due to any fault of the plaintiffs themselves, their laches for so many years surely ought to be an insuperable obstacle to further prosecution of the cause; but apparently the plaintiffs have done everything

that could reasonably be expected of persons not professing to be practising lawyers. Two sets of similar deeds were successively placed on record by the defendant, Albert N. Horner, and immediately upon the recording of each set, the plaintiffs employed counsel and instituted suit to set the deeds aside. When one of their original counsel died and the other was compelled by ill health to retire from practice, little time was lost in engaging new counsel. If subsequent delay was caused by the inability of the plaintiffs to pay fees, and their lack of means arose from the very deeds which the suit was intended to annul, the defense of laches now is not altogether unlike an attempt of a *tort feasor* to take advantage of his own wrong. If the delay is attributable solely to the neglect or procrastination of counsel, it would be a reproach upon our system of jurisprudence to hold that, in a case otherwise clear, a Court of Equity must, because of the fault of its own officers, refuse to innocent suitors that justice which is the professed end and aim of the Court's existence."

For the reasons stated, we are of opinion, that the facts and circumstances of this case, as disclosed by the record, did not bring it within the application of the rule as to laches, and the Court below committed no error in so holding and in refusing to allow it as a proper defense.

As we will affirm the decree, but little need be said as to the motion to dismiss the appeal. The motion is based upon the ground that the appellant has no right either as administrator of Elizabeth B. Hammersley or in his individual capacity to take the appeal. As such administrator he was regularly made a party defendant to the suit, was summoned and filed an answer thereto.

On March 22nd, 1917, he filed a petition in the case, in his individual right and as administrator, and was subsequently treated in the progress of the trial and in other proceedings of the case, as a proper party defendant, in both capacities.

By section 26 of Article 5 of the Code it is provided: "An appeal shall be allowed from any final decree or order in the nature of a final decree passed by a Court of Equity by any one or more of the persons parties to the suit, with or without the assent or joinder of plaintiffs or co-defendants in such appeal."

Besides this, William H. Hammersley is a son of Mrs. Hammersley, the grantor in the deeds, and has a direct interest in the subject-matter and the result of the litigation. Mrs. Hammersley died intestate and as one of the next of kin he was clearly interested in the suit. *Buchanan* v. *Patterson,* 94 Md. 542; *Whitman* v. *Dorsey,* 110 Md. 421; *Bernstein, Cohen & Co.* v. *Stansbury,* 119 Md. 316; *Miller's Equity,* secs. 352, 360.

We see no ground for dismissing the appeal, and as we concur in the conclusion reached by the Court below, on the whole case, the decree will be affirmed.

*Decree affirmed, with costs.*