WILLIAM H. SURRATT, EXECUTOR, *v.*
HELEN M. KNIGHT ET AL.
[No. 87, October Term, 1931.]

*Decided January 14th, 1932.*

The cause was argued before BOND, C. J., URNER, ADKINS, OFFUTT, PARKE, and SLOAN, JJ.

*William H. Surratt,* with whom were *Paul R. Hassencamp* and *Catherine A. Wheatley* on the brief, for the appellant.

*Charles F. Harley,* with whom were *Allan C. Girdwood, John B. Gontrum,* and *Jacob S. New,* on the brief, for the appellees.

PARKE, J., delivered the opinion of the Court.

James T. Knight died testate, and William H. Surratt was named the executor of the testator's will, which was admitted to probate, and letters testamentary were granted to the executor. The only child of the testator filed a caveat to the will, and the issues raised were transmitted to the Superior Court of Baltimore City, whence they were removed to the Court of Common Pleas of Baltimore City, where the issues were all finally found in favor of the validity of the will, and the findings duly certified to the Orphans' Court of Baltimore City, which thereupon confirmed its probate and grant of letters, and imposed the payment of the costs upon the testator's estate. The executor stated two administration accounts, by which it appears that he has paid all bequests except those to the three residuary legatees.

The will and codicil present no question for resolution. It is clear beyond controversy that all of the testator's estate is residuary, and is distributable absolutely to three charitable incorporations of the State of Maryland for their corporate purposes, but without any trust, condition, or limitation whatsoever. The caveator and daughter, and the three residuary legatees, however, agreed, after a mistrial of the issues because of a disagreement of the jury, but before the second

trial, that they would compromise the litigation by the residuary legatees severally assigning unto the daughter the one-half of their respective residuary legacies, in consideration of the daughter's agreement not to offer any testimony on the second trial of the issues. This compromise settlement was performed according to its terms, and the three assignments to the daughter were placed upon record and presented to the executor, who refused to recognize their validity, on the ground that the residuary legatees could not transfer nor assign their several legacies. The executor thereafter brought the daughter and the three residuary legatees into equity, under a bill of complaint which prayed that a court of equity assume jurisdiction of the further administration of the estate, construe the residuary clause of the will, ascertain the validity of the three assignments, and direct the executor in the distribution of the residuary estate. The defendants answered, and took the position that there was no basis for a court of equity to intervene, but consented to a distribution in accordance with the terms of the will, stating, however, that the terms of the assignments, pursuant to the compromise, would nevertheless faithfully be performed. After the taking of testimony in open court and argument by counsel, the court dismissed the bill of complaint, and put the costs upon the estate. The executor has appealed from this decree.

An executor is the personal representative of the testator, and, after probate, is charged with the duty to defend and maintain the validity of the instrument with loyalty and fidelity, and to complete the administration of the estate in accordance with the terms of the will, under the law. The executor therefore should not become a party to any shift or device whereby the will of his testator is collusively avoided, or the intention of the testator is defeated or changed to effect a different disposition of his estate. *Munnikhuysen v. Magraw,* 57 Md. 172, 191-192; *Pleasants v. McKenney,* 109 Md. 277, 71 A. 955; *Worthington v. Gittings,* 56 Md. 542, 546-550; *Tatem v. Wright,* 139 Md. 20, 28-30, 114 A.

836; *Friedenwald v. Burke,* 122 Md. 156, 161, 89 A. 424; *Emmert v. Stouffer,* 64 Md. 543, 558, 3 A. 293, 6 A. 177.

In the present case the executor defended the integrity of the instrument, and the will was finally sustained, and he stated two administration accounts whereby he distributed, pursuant to the provisions of the will, all of the estate, except that passing under the residuary clause to the three residuary legatees, who take absolutely. These three legatees can do what they like with their own, and the executor, *qua* executor, cannot in any manner control or prevent this freedom of disposition, which is of the substance of their property rights. So, either before, during, or after the caveat to the will, it was competent for all the testamentary beneficiaries and next of kin of the testator, as they were *sui juris,* to renounce the provisions of the will and agree, for a consideration, that the residuary estate should be divided among them in specified proportions. *Woerner, Law of Administration* (3rd Ed.), vol. 2, sec. 217, pp. 722-723; vol. 3, sec. 566, p. 1937; *Hartle v. Stahl,* 27 Md. 157, 170-175; note *A. L. R.* 740 *et seq.;* note 55 *A. L. R.* 812 *et seq.; St. John's College v. Purnell,* 23 Md. 629.

In his capacity as executor or individually, the complainant could not raise the question whether or not the compromise of the litigation by the eleemosynary corporations is *ultra vires.* So there was no error in dismissing the bill of complaint. But the controlling point in this court is that, after the dismissal by the chancellor, the executor had no personal interest in further litigation. There is no question affecting the proceeds of the testator's estate in his hands for distribution, no doubt of who the residuary legatees are, nor of their identity and of their capacity to take. The executor's commissions and allowances are not involved, and he has no interest in the fund to be divided. Every one but the executor is satisfied, and no one has united in the appeal. It does not appear from the record that the executor has in any capacity such an interest in the subject-matter as entitles him to appeal, and therefore this appeal must be dismissed. *Miller's*

*Equity,* secs. 354-357; *Redwood v. Howison,* 129 Md. 577, 592, 99 A. 863.

The costs of this appeal should not be borne by the estate.

*Appeal dismissed, and the costs to be paid by William H. Surratt.*