In re Estate of Verbeck: Morris et al., Exrs., *v.* Poppleton et al., Appellees.

(No. 6412—Decided March 21, 1961.)

*Mr. Crawford Morris*, for appellants.

*Mr. Ray W. Poppleton* and *Mr. Lawrence A. Ramey*, for appellees.

DUFFEY, P. J. This is a motion to dismiss an appeal from a Probate Court order setting appellees' attorney fees for services to the estate at $18,000. The order requires the coexecutors "to pay the same and include that amount in their next account."

Appellees are the former attorneys for the executors of the estate of Alta Morris Verbeck. They filed an application for determination of fees pursuant to Section 2113.36, Revised Code. The Probate Court thereupon ordered, and appellees gave, notice to Robert Crawford Morris, Robert K. Verbeck and Vincent D. Morris. Robert Crawford Morris is a specific legatee, executor and attorney for the executors; Robert K. Verbeck is a residuary legatee and an executor; Vincent D. Morris is a residuary legatee and a nonresident of Ohio. The hearing was set for and held on January 19, 1960. The notices were sent January 13 and were received by the named persons on January 14, 15 and 16, respectively. Nothing in the record indicates that Vincent D. Morris voluntarily entered his appearance in the proceedings. Robert Crawford Morris and Robert K. Verbeck appeared at the hearing. In response to the court's request for a statement of the appearances, Robert Crawford Morris stated his name and that he was a coexecutor. Verbeck stated his name. The notice of appeal states that it is by the coexecutors and it is signed by Robert Crawford Morris and Verbeck.

Appellees have filed a motion to dismiss, stating five grounds. These are discussed in the course of the opinion.

Appellees contend that appellants are not interested parties and are not entitled to appeal under Section 2101.42, Revised Code. That section permits an appeal from an order of the Probate Court "by a person against whom it is made or whom it affects." Verbeck, as a residuary legatee, clearly has standing as a person affected if he has perfected his appeal. As to the executors, the first portion of the statute would appear to authorize an appeal by them. However, a long course of decisions shows that under the statute an order is not "against" a person simply because it is directed to him. Standing must rest on a legally recognized interest in the matter involved. A fiduciary cannot appeal from an order which is concerned with the mere distribution of the estate and as to which he is a mere stakeholder. *First National Bank of Cincinnati, Exr.* v. *Rawson* (1936), 54 Ohio App., 285; *Binns* v. *Smith* (1937), 26 Ohio Law Abs., 225; *In re Estate of Anderson* (1955), 71 Ohio Law Abs., 126; *In re Trustees under Will of Yost* (1956), 102 Ohio App., 62. See, also, *Toledo Trust Co., Trustee,* v. *Farmer* (1956), 165 Ohio St., 378.

There does not appear to be a reported case of an appeal by an executor on the ground that the allowance of attorney fees was excessive. An executor, by retaining an attorney, enters into a personal contract and is personally liable to his attorneys. See *Smith* v. *Rhodes* (1903), 68 Ohio St., 500. He is entitled to credit himself for an administrative expense to the extent of a reasonable amount. Section 2113.36, Revised Code. Were the executors here contending that the award was too low or defending it against an attack by someone such as a legatee, an interest arising out of that personal position might be found. Since, however, they claim the award to be excessive, they have no interest based on their personal liability, nor on their right to reimbursement by a credit in the account.

As to their position as representatives of interested persons, it is apparent that any person whose right an executor may claim to represent has in his own right two alternative remedies. Any interested person may appear, contest and appeal from the determination in the summary proceedings held under Section 2113.36, Revised Code. See, for example, *In re*

*Estate of Hickok* (1953), 159 Ohio St., 282. Further, he may, at least where not bound by the summary proceedings, file exceptions to the account pursuant to Section 2109.33, Revised Code, and appeal therefrom. Therefore, if any interested person is a party to the summary proceedings, there is no need for the executor to act in his behalf. If he is not a party, then to allow an appeal by the executor in his behalf would provide a means for double litigation of the same precise question by the same basic interest. See *In re Estate of Alexander* (1957), 103 Ohio App., 514; *Foltz* v. *Boone*, 107 Ohio St., 562 (1923). It would also permit the fiduciary to fight the allowance even though all persons interested in the distribution are satisfied with the Probate Court's award. The law should not encourage useless appeals. We find that the appellants in their representative capacities do not have a sufficient standing to raise the question of the excessiveness of the award.

However, the order of the court does not merely determine an amount that *may* be taken as a credit in the account. It orders payment by the fiduciary prior to the settlement of the credit in an account. Section 2113.36, Revised Code, contains no provisions on payment. The Probate Court could seemingly require the executor to list the amount in his next account. See discussion in *Trumpler, Admr.,* v. *Royer* (1917), 95 Ohio St., 194, and *Kern* v. *Heilker & Heilker* (1937), 56 Ohio App., 371. After settlement of the account, the court could *then* order payment. *Smith* v. *Rhodes, supra.*

Perhaps the court could order payment prior to the settlement of the account if all interested parties are bound as upon a personal judgment by the determination in the summary proceedings. This would obviously require that they be made parties. The statutory authority to change the proceeding from a summary one into an adversary one and bring in parties against their will is on its face dubious. As the facts here demonstrate, the use of such short notice is of questionable desirability. However, the practice appears to be approved by the *Trumpler* and *Kern cases*, and seems now well established. See *In re Estate of Haggerty* (1955), 128 N. E. (2d), 680. In the present case, the record does not on its face appear to show that Vincent D. Morris, a nonresident, was properly before the court. To order a fiduciary to make payment to a third party

where he may later be required, upon exceptions to the account, to reimburse the estate out of his own pocket, seems of doubtful validity. The appellants in their representative capacities have standing to raise that issue.

As previously noted, Verbeck clearly has standing, as an affected person, to raise the issue of excessiveness. The question is whether he has sufficiently perfected an appeal where the notice of appeal is stated to be by Robert K. Verbeck as executor.

The law permits "any person" to appeal. Section 2101.42, Revised Code. The notice of appeal is the jurisdictional act and has been carefully designed to avoid defeating the right to review on technical procedural grounds. Section 2505.05, Revised Code, and see discussions in 3 Ohio Jurisprudence (2d), 155 *et seq.*, Appellate Review, Section 272 *et seq.* The statute specifically provides that the notice may be amended by the appellate court "for good cause shown."

The Supreme Court has drawn a rigid line in connection with service of process in will-contest cases where there is no specification of fiduciary capacity in the praecipe and summons. See *McCord* v. *McCord* (1922), 104 Ohio St., 274; *Peters* v. *Moore* (1950), 154 Ohio St., 177; *Bynner* v. *Jones* (1950), 154 Ohio St., 184; *Mangan* v. *Hopkins* (1956), 166 Ohio St., 41. Four members of the court considered the rule as a possible technical barrier to justice, or as an "extreme limit" of the application of the specific statute involved. See the concurring and dissenting opinions in the *Mangan case, supra.* More recently, the court softened the rule somewhat. *Abbott* v. *Dawson, Exr.* (1958), 167 Ohio St., 238. Compare *Douglas, Admx.,* v. *Daniels Bros. Coal Co.* (1939), 135 Ohio St., 641. These cases can be distinguished in any event. The court was concerned with service of process under a specific statutory requirement (Section 2741.02, Revised Code), which, as interpreted by the court, absolutely required such action. A reading of the cases shows that the court felt constrained by the precise wording of the statute involved. We are concerned here with a statute which was intended to relieve from technical requirements in perfecting appeals (and is, therefore, remedial in nature), which contains a grant of power to amend, and which should be liberally construed to further justice.

It might be noted that a will-contest suit is commenced under the well-defined procedural steps applicable to ordinary civil litigation. Probate Court proceedings, in the general administration of an estate, are relatively informal, particularly as applied to parties as is most evident in the practice which has developed on applications for allowance of attorney fees.

The legal device or concept of treating one person as having several capacities or entities, and considering that person as if he were two or more persons, is in many respects a desirable, perhaps a necessary, development in our law. The rigidity with which the law views the differentiation between a person acting for himself and in a fiduciary capacity varies. For example, on *res judicata*, see 1 Freeman on Judgments (5 Ed.), Sections 420, 421, 493 and 498; 170 A. L. R., 1180; on amending a petition, see *Sherman* v. *Tucker* (1906), 16 C. C. (N. S.), 190. The concept of differing capacities must not become a procedural device to defeat the unwary. That sort of practice is too analogous to the notorious technicalities of common-law pleading.

We believe the opinions in the *Mangan* and *Abbott cases* indicate that the Supreme Court does not consider a rigid differentiation of capacity to be a desirable rule in every area of the law. We are not disposed to extend such a technical doctrine into the area of notices of appeal. Verbeck is a "person." That person has filed a notice of appeal. Specification of the particular nature of the errors claimed is to be, and has here been, provided by the assignment of errors. Under Section 2505.05, Revised Code, the purpose of the notice of appeal is basically a statement of the intent to appeal and not a specification of the grounds. We, therefore, hold that Robert K. Verbeck has sufficiently perfected his appeal to give this court jurisdiction, and the notice of appeal may be amended to clarify the capacities of the appellants.

Appellees contend that the appeal is a sham because the executors are personally liable as individuals. This contention is adequately disposed of by what has already been stated.

The third branch of appellees' motion is to strike the brief in its entirety as libelous and irrelevant. No specifications whatsoever are given. Rule III of the Courts of Appeals requires that motions be accompanied by a brief. The mere alle-

gation of irrelevancy without indication of any particulars is not a compliance with that rule.

Appellants' brief contains verbose and speculative statements, including comments on facts which apparently are not of record. Some of the statements made should be reappraised by the appellants in the light of Canons I and XVII of the Canons of Professional Ethics.

Appellee attacks the law and fact appeal. The appellate jurisdiction of this court is now statutory. See *Hebden* v. *Hebden* (1957), 107 Ohio App., 184. A determination of attorney fees is not within the categories for law and fact appeals established by Section 2501.02, Revised Code. See *In re Estate of Bancroft*, case number 6082, Tenth Appellate District (1959). Section 2101.42, Revised Code, on appeals from the Probate Court, does not broaden the law and fact jurisdiction of this court. In addition, the determination of facts with respect to the allowance of attorney fees is vested solely in the Probate Court. *In re Estate of Murnan* (1949), 151 Ohio St., 529. The court lacking jurisdiction of a law and fact appeal, the motion is sustained in that respect.

Appellees have alleged also that appellants have not filed a proper bond as required by Sections 2505.06 and 2505.09, Revised Code. In view of our determination that this court lacks jurisdiction of a law and fact appeal in this case, it is unnecessary for the court to determine the sufficiency of the bond.

Appellant has requested a redetermination of the amount of fees allowable. The jurisdiction of this court to do so is dubious. See *In re Estate of Murnan, supra*. However, this court can give the relief permissible by law and the extent of that relief can be determined at the time of disposing of the case on the merits. The motion to dismiss the law appeal is overruled, and the case is to be retained on law appeal only.

Appellants may file a journal entry reducing the appeal to one on law only, and, granting leave to amend the notice of appeal, to show Verbeck's dual capacity, and shall file their bill of exceptions, assignment of errors, and brief, as provided by Rule V, D, of the Courts of Appeals.

*Judgment accordingly.*

BRYANT, J., concurs in part and dissents in part.
DUFFY, J., concurs.

BRYANT, J., concurring in part and dissenting in part. Appellees' motion in five branches to dismiss the appeal should be treated as a demurrer. *Hayes* v. *Weaver*, 61 Ohio St., 55, 61; *Miller* v. *Hixson, Treas.*, 64 Ohio St., 39, 56; and *Banks, Admx.*, v. *Ohio Power Co.*, 157 Ohio St., 10, 14.

As such, branch four of the motion to dismiss on questions of law and fact should be sustained for the reason that appellants have failed to comply with the requirements as to such appeals.

A demurrer searches the record and the presence or absence of allegedly libelous statements in an adversary's brief might be ground, if proved, for striking the brief from the files or that portion which is libelous, but does not appear to warrant dismissal of the appeal, and ground three should be overruled. This is for the further reason that the brief of appellees in support fails utterly to specify any language alleged to offend.

We believe ground two, that the appeal is a sham and dilatory proceeding, must be overruled for the reason the record fails utterly to support this branch of the motion.

There remains ground one, that the executors, as appellants, lack the capacity or authority to appeal, and ground five, that this court lacks jurisdiction to grant the relief asked, both of which should be overruled at this time. These are the ultimate questions in the appeal.

I, therefore, concur with the majority decision in part, and dissent in part, as set forth above.