JACKSON *v.* JACKSON, Executrix of the Estate of Thomas J. Jackson

[Nos. 123 and 141, September Term, 1970.]

*Decided December 15, 1970.*

The cause was argued before HAMMOND, C. J., and BARNES, FINAN, SINGLEY and SMITH, JJ.

Andrew Jackson in proper person.

*Charles Michael Tobin* for appellee.

SINGLEY, J., delivered the opinion of the Court.

These two appeals, joined for purposes of briefs and argument, are respectively from an order entered by the Circuit Court for Montgomery County sitting as the Orphans' Court for that county and from an order entered by the same circuit court, sitting in equity. The litigation stems from the administration of the estate of Thomas J. Jackson (the testator), who died domiciled in Montgomery County on 19 July 1965. He was survived by his widow, Helen T. Jackson, (the widow or the executrix), whom Mr. Jackson named as executrix of the will which he executed on 25 April 1962, and by two sons by a prior marriage, John E. Jackson and Andrew Jackson (Andrew). Only Andrew is the appellant here.

Another phase of the matter was before us in *Jackson v. Jackson*, 249 Md. 170, 238 A. 2d 852 (1968), which involved an attack on the will. There we affirmed the judgment entered on a motion for a directed verdict made at the close of the case put on by Andrew.

Having failed in his major effort to invalidate his father's will, Andrew then mounted skirmishes on two fronts. The earlier case (No. 141) commenced with the filing of a petition by the executrix in October 1969 in the Circuit Court for Montgomery County in equity in which she sought the aid of that court in construing the will of the testator. One of the issues raised in that pro-

ceeding was whether Andrew, who had been bequeathed 20 shares of the stock of American Telephone and Telegraph Company (the Telephone Company) by his father's will, became entitled to 40 shares of Telephone Company stock by virtue of a two-for-one split of the stock which occurred on 1 June 1964, after the execution of the will, but before the testator's death.

Another issue involved the effect of a provision of the testator's will that "[a]nyone attempting to contest this will shall receive nothing under it," in view of the fact that the widow as ancillary administratrix of the testator's estate had filed a complaint for declaratory relief in the United States District Court for the District of Columbia against Andrew's brother, John, alleging that certain shares of the stock of the Telephone Company which had been registered in the joint names of John and the testator had been so registered for purposes of convenience only, and not with the intention of divesting the testator of his interest as sole owner.

The equity case came on for hearing on 21 October 1969. At the conclusion of the hearing, the chancellor, in an oral opinion delivered from the bench, indicated that he was prepared to hold that under a proper construction of the will, there was to be distributed to Andrew 20 shares of Telephone Company stock and the widow was not precluded from taking under the will by reason of the suit which she had brought in the District of Columbia.

Andrew filed his notice of appeal on 3 November 1969. The court's written order was not entered until 18 November. On 16 February 1970, the executrix moved to dismiss the appeal because it had not been taken from a written order. We granted the motion and dismissed the appeal on 2 March 1970. See *Mattingly v. Houston,* 252 Md. 590, 250 A. 2d 633 (1969) and particularly the cases cited at 593.

On 17 March 1970, Andrew returned to the equity side of the circuit court with a "Petition and Motion for Order to Correct Order," alleging that the order of 18 Novem-

ber incorrectly indicated that it had been passed by the circuit court "sitting as the Orphans' Court." On 9 April 1970, the circuit court passed an order correcting the 18 November order "by striking from the heading thereof the words 'Sitting as the Orphans' Court'." An examination of the original order which appears in the transcript shows that precisely this was done. Maryland Rule 681 provides that "clerical mistakes in a decree or decretal order, or errors arising from any accidental slip or omission, may at any time be corrected by order of court upon petition, without a rehearing." This contemplates the correction of clerical errors, deficiencies of form, inadvertent omissions or obvious mistakes as distinguished from judicial errors. In making such a correction it is unnecessary to pass a new decree since the court merely directs the clerk to produce the original decree so that the correction may be made in the presence of the court. *Bailey v. Bailey,* 181 Md. 385, 389, 30 A. 2d 249 (1943).

After the correction was made, and on 29 April 1970, Andrew appealed from the corrected order. The executrix moved to dismiss the appeal, which we denied because the motion was made in case No. 123, on appeal from the orphans' court at a time when the record in No. 141, the equity case, was not then before us.

While this point was neither briefed nor argued, after a review of the record in both proceedings, we realize that this motion should have been granted as should the motion to dismiss the appeal from the order of the orphans' court.

In the usual case, questions of testamentary construction lie exclusively within the jurisdiction of an equity court. Miller, *Construction of Wills in Maryland* § 5 at 19-22 (1927) ; 1 Sykes, *Probate Law and Practice* § 271 at 279-90 (1956). An executor has the right to invoke the aid of an equity court in the construction of a will, *Inasmuch Gospel Mission, Inc. v. Mercantile Trust Co. of Baltimore,* 184 Md. 231, 234, 40 A. 2d 506 (1944), and will be protected if distribution is made in accordance with a valid order or decree, *Louis Henri de Gallard,*

*Prince de Bearn et Chalais v. Winans,* 111 Md. 434, 472-73, 74 A. 626 (1909), even though the order be erroneous, *Conner v. Ogle,* 4 Md. Ch. 425, 451-52 (1848). While equity may retain jurisdiction over the administration of an estate if the distribution is complicated, if the jurisdiction of the orphans' court is inadequate, or to prevent a multiplicity of suits, *Vickery v. Maryland Trust Co.,* 188 Md. 178, 189, 52 A. 2d 100 (1947) ; *Turk v. Grossman,* 176 Md. 644, 673, 675, 6 A. 2d 639 (1939), it need not necessarily do so, *Payne v. Payne,* 136 Md. 551, 111 A. 81 (1920) ; Rule V71 f 1, 2.

Once a will has been construed by an equity court and its order has been enrolled, as was the case here, the executor is bound to make distribution in accordance with that order. To permit a reconsideration of the administration account once exceptions were filed involving the same issues that had been raised in the equity proceeding would be to allow a reopening of a controversy already finally adjudicated by the only court having power to make the determination. See *Hayman v. Messick,* 252 Md. 384, 249 A. 2d 695 (1969) and cases there cited. Under the facts of the case before us, no appeal is allowed by law from the order of the orphans' court approving the administration account. Rule 835 a 2, Rule 835 b (1).

For the reasons stated, the appeals will be dismissed.

*Appeals dismissed, costs to be
paid by appellant.*