WEBSTER, Personal Representative of the Estate of Julia Eva Pollitt *v.* LARMORE et al.

[No. 105, September Term, 1973.]

*Decided November 27, 1973.*

The cause was argued before Murphy, C. J., and Barnes, McWilliams, Singley, Smith, Digges and Levine, JJ.

*Denis P. Casey,* with whom were *Victor H. Laws* and *Long, Laws, Hughes & Bahen* on the brief, for appellant.

No brief filed on behalf of appellees.

SINGLEY, J., delivered the opinion of the Court.

This is the second time that the will of Julia Eva Pollitt has occupied the attention of this Court. In *Webster v. Larmore*, 268 Md. 153, 299 A. 2d 814 (1973), we vacated a jury verdict that Julia lacked testamentary capacity at the time she executed her will on 28 December 1964, and entered a judgment *n.o.v.* in favor of the caveatee.

The facts in that case were that in February, 1965, shortly after the execution of the December, 1964 will, which left the residue of her estate to Austin G. Brumley, Julia had married Brumley, lived with him for about a month, and obtained an absolute divorce from him in June, 1966. In returning the determination of the issue to the Orphans' Court for Wicomico County, we suggested that consideration might well be given to Chapter 106 of the Laws of 1964, Maryland Code (1957, 1964 Repl. Vol.) Art. 93, § 351 (d) which provide that a will, insofar as it made provision for a testator's spouse, was revoked by a final decree of absolute divorce granted subsequent to the execution of the will and after 1 June 1964, unless the will or the divorce decree contained a contrary provision, *Webster v. Larmore, supra,* 268 Md. at 169, 299 A. 2d at 822. It was noted that Art. 93, § 351 (d) was in effect when the will was executed, when Julia was married to Brumley, and when she was divorced from Brumley. We might also have pointed out that neither the will nor the divorce decree contained a provision contrary to that contained in Art. 93, § 351 (d).

When the case reached the orphans' court, Walter D. Webster, Julia's personal representative, sought an order directing distribution of the residue of Julia's estate to Brumley's widow and children, as contemplated by Code (1957, 1973 Supp.) Art. 93, § 9-112 (a), on the theory that Art. 93, § 351 (d) was inapplicable. After a hearing, the court ordered that the residue of Julia's estate was properly distributable to Julia's next of kin.

Webster sought and obtained authority from the orphans' court to appeal to this Court at the expense of the estate. We

regard this order as having been improvidently entered. Although Code (1957, 1968 Repl. Vol.) Art. 5, § 9, which deals with appeals from orphans' courts, seems to speak in absolutes:

> "Any party may appeal to the Court of Appeals from any decree, order, decision or judgment of an orphans' court,"

it must be construed in the light of the restrictive gloss imposed by our decisions.

Admittedly, until the enactment of Chapter 399 (4) of the Laws of 1957, the progenitors of Art. 5, § 9 — Code (1951) Art. 5, § 64; Code (1939) Art. 5, § 64; Code (1924) Art. 5, § 64 — were identical:

> "From all decrees, orders, decisions and judgments, made by the orphans' court, the party, *who may deem himself aggrieved by such decree, order, decision or judgment,* may appeal to the court of appeals." (Emphasis supplied.)

It was the italicized language which was omitted, presumably as surplusage, in 1957. The omission in no way attenuates the teaching of our earlier cases. It is obvious that a contrary view would open the door to appeals presenting issues which might well be moot, or seeking opinions on abstract propositions, *cf. Maryland Tobacco Growers' Ass'n v. Maryland Tobacco Authority,* 267 Md. 20, 26, 296 A. 2d 578, 580-81 (1972); *State v. Ficker,* 266 Md. 500, 506-07, 295 A. 2d 231, 235 (1972). For this reason, we conclude that our prior decisions restricting a personal representative's right to appeal remain unaltered.

Thus, no appeal lies from an order framing issues for trial in a law court in a case where concealment was alleged, *Marcelle Fleischmann Foundation v. Fleischmann,* 198 Md. 45, 81 A. 2d 72 (1951), or from orders in matters within the orphans' court's discretion, *Riddleberger v. Goeller,* 263 Md. 44, 51-52, 282 A. 2d 101, 105 (1971), so long as the discretion is not exercised arbitrarily, *Macgill v. McEvoy,* 85 Md. 286, 289-90, 37 A. 218-19 (1897), nor can an appeal be maintained by a party who is not aggrieved, *Stuart v. Foutz,* 185 Md.

401, 402, 45 A. 2d 98 (1945); *Surratt v. Knight,* 162 Md. 14, 17, 158 A. 1, 2 (1932); *see Buchwald v. Buchwald,* 175 Md. 103, 114, 199 A. 795, 800 (1938); *Wlodarek v. Wlodarek,* 167 Md. 556, 568-69, 175 A. 455, 460 (1934); *Pope v. Safe Deposit & Trust Co.,* 163 Md. 239, 250, 161 A. 404, 408 (1932); 1 Sykes, Probate Law and Practice § 242, at 250-51 (1956).

We have recently held that once a will has been construed by an equity court, a personal representative is bound to make distribution in accordance with that court's order, since the personal representative is fully protected by it, *Jackson v. Jackson,* 260 Md. 138, 141-42, 271 A. 2d 690, 692 (1970), and *see* Code (1957, 1973 Repl. Vol.) Art. 16, § 15, and Maryland Rule V79 e 1. We see no reason why the same rationale should not be applied to the order of an orphans' court directing distribution particularly when Art. 93, § 9-112 (c), under which Webster acted, specifically granted him protection, *see Gradman v. Gradman,* 182 Md. 293, 34 A. 2d 433, 36 A. 2d 532 (1943).

Mr. Brumley's next of kin might well have been aggrieved by the order, and their appeal would have lain under Art. 5, § 9. Mr. Webster, as personal representative, could be in no way aggrieved because he was fully protected. Therefore, his appeal could not be maintained and will be dismissed, Rules 835 a 2, 835 b (1). Because the appeal was in no way of benefit to the estate, *Hayman v. Messick,* 252 Md. 384, 393, 249 A. 2d 695, 700 (1969), and the awarding of costs is discretionary, Rule 882 a, the estate should not be reduced by an appeal from which it would gain no advantage, *Hayman v. Messick, supra; Watkins v. Barnes,* 203 Md. 518, 526, 102 A. 2d 295, 299 (1954).

Had we found it necessary to decide the case on its merits, we would have affirmed the order entered below.

> *Appeal dismissed, costs of this appeal to be paid by appellant individually.*