492 A.2d 900

**Carolyn L. ALSTON, Pers. Rep. of the Estate of Benjamin F. Harrison**

v.

**Bianca Faith GRAY.**

No. 152, Sept. Term, 1984.

Court of Appeals of Maryland.

May 29, 1985.

164

Richard L. Fields, Oxon Hill, for appellant.

Ellen Ann Callahan, Rockville (Gill & Sippel, Rockville, on brief), for appellee.

Argued before MURPHY, C.J., and SMITH, ELDRIDGE, COLE, RODOWSKY, COUCH and McAULIFFE, JJ.

COUCH, Judge.

Carolyn Alston was appointed personal representative of the estate of her brother, Benjamin Harrison, after the latter died intestate. Prior to distribution of the estate, Alston received a letter from a lawyer for the as yet to be born appellee, Pamela Gray. The letter informed Alston that the decedent may have fathered the unborn child; if so, Gray would have a claim on the estate. To resolve the legitimacy question and discharge her responsibilities as personal representative, Alston filed in the Orphans' Court for Prince George's County a Petition for Instructions regarding the final distribution of estate assets. *See* Md. Code (1974, 1984 Cum.Supp.), Estates and Trusts Article, §§ 7–402, 9–112.[1]

The Orphans' Court (Platt and Warr, JJ.) thereupon conducted a legitimacy hearing. Md.Code, Estates and Trusts

---

1. Section 7–402 provides:
   "The personal representative may petition the court for permission to act in any matter relating to the administration of the estate. The court may pass any order it considers proper."
   Section 9–112 states, in pertinent part:
   "(a) *Disagreement concerning distribution of tangible personal property.*—If the personal representative cannot obtain agreement from all interested persons entitled to share in the distribution of the property, he may apply to the court to make distribution.
   
   \* \* \* \* \* \*
   
   (e) *Distribution of net estate.*—On the date of the meeting, distribution of the net estate shall be made under the direction and control of the court. Distribution by the personal representative in accordance with the direction of the court at the meeting protects and indemnifies the personal representative acting in obedience to it."

Article, § 1–208.[2] After testimony and argument of counsel, the court determined that Harrison had openly and notoriously recognized Gray as his child. *See* Estates and Trusts Article, § 1–208(b)(3). Accordingly, the court directed Alston to list Gray as an interested party in any further proceedings, and ordered appellant to furnish Gray with her distributive share. Under the Maryland laws of intestacy, Gray, as the only surviving issue, was entitled to the corpus of the estate. Estates and Trusts Article, § 3–103.

Alston appealed the decision of the Orphans' Court to the Court of Special Appeals. She specifically noted the appeal in her representative capacity. We issued a writ of certiorari on our own motion prior to consideration by that court, 302 Md. 409, 488 A.2d 500, and now dismiss the appeal for want of a proper party-appellant.

■ The settled law of this state is that only an "aggrieved party" may appeal from an order of the Orphans' Court adjudicating an estate. *See Webster, Personal Representative of the Estate of Julia Eva Pollitt v. Larmore*, 270 Md. 351, 353–54, 311 A.2d 405, 406 (1973); *Stuart v. Foutz*, 185 Md. 401, 402, 45 A.2d 98 (1945) (and numerous cases cited therein). In considering appeals of court orders construing a will or determining distribution of an estate, we have consistently decreed that an executor or personal representative is *not* an aggrieved party entitled to appeal. *Webster, supra*, 270 Md. at 354, 311 A.2d at 406; *Buchwald v. Buchwald*, 175 Md. 103, 114, 199 A. 795, 800 (1938); *Surratt v. Knight*, 162 Md. 14, 17, 158 A. 1, 2 (1932). The

---

2. Section 1–208 provides in pertinent part:

"(b) *Child of his father.*—A child born to parents who have not participated in a marriage ceremony with each other shall be considered to be the child of his father only if the father

(1) Has been judicially determined to be the father in an action brought under the statutes relating to paternity proceedings; or

(2) Has acknowledged himself, in writing, to be the father; or

(3) Has openly and notoriously recognized the child to be his child; or

(4) Has subsequently married the mother and has acknowledged himself, orally or in writing, to be the father."

reasons for this categorical rule are two-fold. First, we have asserted that once a court determination is made, a personal representative is bound to make distribution in accordance with the order, and is fully protected by it. *Webster, supra,* 270 Md. at 354, 311 A.2d at 406; *Jackson v. Jackson,* 260 Md. 138, 141–42, 271 A.2d 690, 692 (1970). *But see, Goldsborough v. DeWitt,* 171 Md. 225, 257, 189 A. 226, 241 (1937) (personal representative may be liable for imprudent fiduciary investment although investment authorized by court). Second, an unrestricted right of appeal would subject the court to a myriad of collateral and incidental matters, and "would open the door to appeals presenting issues which might well be moot, or seeking opinions on abstract propositions." *Webster,* 270 Md. at 353, 311 A.2d at 406. To these formerly articulated reasons, we also recognize that an unlimited right of appeal, in the hands of the executor or representative, could seriously deplete a small estate and might delay indefinitely the distribution of estate assets to deserving heirs.

In the instant case, Alston could very well have brought an appeal from the Orphans' Court, had she so chosen, in her individual capacity. Appeals by representatives serving a dual capacity are not uncommon, provided both capacities are specifically noted on the appeal to the appellate court. *See, e.g., Gray v. Harriet Lane Home,* 192 Md. 251, 258, 64 A.2d 102, (1949); *Wlodarek v. Wlodarek,* 167 Md. 556, 569, 175 A. 455, (1934); *Hammersley v. Bell,* 134 Md. 172, 180, 106 A. 339, 342 (1919). Of course, to be a proper party, the representative must still demonstrate that in his individual capacity, the person seeking review has "an interest in the subject matter of the decree or decision appealed from." *Cecil v. Cecil,* 19 Md. 72, 77–78 (1862). These requirements are but necessary corollaries to the fundamental rule of appellate review: namely, that this Court will not ordinarily contemplate theoretical or abstract issues which are only arguably raised by hypothetical parties. *See Webster, supra,* 270 Md. at 353, 311 A.2d at 406. Put another way, "one who does not appeal is not a party to

the case in the appellate court." Page on Wills (1961, 1985 Cum.Supp.), § 26.135.

The requirement that a personal representative must specifically note an appeal in her individual or other capacity, before arguing issues relating to that dual role, has been recognized by the only two courts which, to our knowledge, have considered this precise issue. In *Meyer v. O'Rourke*, 150 Cal. 177, 179, 88 P. 706, 707 (1907), a trial court imposed costs upon the executor personally for his frivolous defense of a land title claim. The executor noted an appeal on this issue to the Supreme Court of California *in his representative capacity.* The court dismissed the appeal, stating

"[the executor] appeals in his representative capacity, and upon his appeal seeks to have himself, in his individual capacity, relieved from this imposition of costs. Upon this appeal, therefore, as the executor of an estate, charged with its preservation and conservation, he occupies a position in hostility to it, in endeavoring to have the burden of the costs of litigation removed from his individual shoulders and cast upon the estate which he represents. So far as the estate is concerned, which alone he represents upon this appeal, the estate is not an aggrieved party. So far as he individually is concerned, if weight is to be accorded to his objections as to the constitutionality of the section, he *should have connected himself with the proceedings in the trial court after the imposition of costs upon him individually, and so, in his proper and individual capacity as a party aggrieved, have come before this court for relief.* It was perfectly proper for him in his individual capacity to have made appropriate motion in the court below, seeking relief, and connecting him with the ligitation." (emphasis supplied). *Id.*

The Illinois Supreme Court responded in a like manner to an appeal brought by an executor, in his representative capacity, challenging the distribution award of a court. *Cleveland v. Cleveland*, 225 Ill. 570, 571–72, 80 N.E. 302, 303 (1907). The executor sought review of issues relating

only to his individual capacity. In the course of its opinion, the court said

"The record and judgment of the Appellate Court show that the case there determined was a suit of Harry L. Cleveland, executor, against Phoebe A. Cleveland. Harry L. Cleveland in his individual capacity or as an heir was not a party to that suit. In his individual capacity Harry L. Cleveland *is as much a stranger to that record as if he bore a different name and had no interest whatever in the subject-matter of the litigation.*" *Id.*

The court thereafter dismissed the appeal. *Id.* at 572, 80 N.E. at 303.

We likewise dismiss the appeal because Alston did not specifically note an appeal in her individual capacity. Moreover, because the appeal could not in any way benefit the estate, and the awarding of costs is discretionary, "the estate should not be reduced by an appeal from which it would gain no advantage." *Webster, supra,* 270 Md. at 354, 311 A.2d at 407. Accordingly, Alston must pay the costs of this appeal.

APPEAL DISMISSED.

COSTS TO APPELLANT INDIVIDUALLY.

ELDRIDGE, Judge, dissenting:

I disagree with the majority's decision to dismiss this appeal. The majority determines that there is no proper party-appellant because Alston, who is both the personal representative and an heir at law, described herself as personal representative in the order of appeal and failed to note specifically on the order her individual capacity. I believe that the Court's holding is neither mandated by Maryland law nor consistent with the better reasoned cases from other jurisdictions.

The majority is correct in stating that "only an 'aggrieved party' may appeal from an order of the Orphans' Court adjudicating an estate." I also agree that, unless the Orphans' Court's order is unfavorable to the estate, the

personal representative is not an "aggrieved party." Nevertheless, when the record shows that the personal representative is also an heir at law and, as such, is clearly aggrieved by the order appealed from, it is elevating form over substance to dismiss the appeal because the order of appeal failed to note that the appellant was an individual.

As indicated previously, and as the majority seems to acknowledge, the cases in this Court do not require the result reached by the majority. In *Webster v. Larmore*, 270 Md. 351, 311 A.2d 405 (1973), and *Surratt v. Knight*, 162 Md. 14, 158 A. 1 (1932), the representatives were not heirs at law; those cases did not address the situation where the personal representative is in fact also an heir at law.[1] In *Gray v. Harriet Lane Home*, 192 Md. 251, 64 A.2d 102 (1949), cited by the majority, the Court did not address the issue of the capacity or capacities, in which the appellant appealed, stating only that since she participated in the proceedings in the court below, she satisfied the statutory requirements to appeal. 192 Md. at 263, 64 A.2d 102. In *Wlodarek v. Wlodarek*, 167 Md. 556, 175 A. 455 (1934), and *Hammersley v. Bell*, 134 Md. 172, 106 A. 339 (1919), also cited by the majority, each appellant happened to note the appeal in his dual capacity, but the Court never even intimated that such was necessary.

I recognize that a majority of cases elsewhere appear to support the technical rule adopted by the Court in the present case. *See, e.g., In re Estate of McCabe*, 11 Ariz. App. 555, 466 P.2d 774 (1970); *Wiley v. Wiley*, 69 Ind.App. 431, 122 N.E. 25 (1919); *Dickey v. Herbin*, 250 N.C. 321, 108 S.E.2d 632 (1959); *In re Estate of Ristman*, 208 Or.

---

1. In *Buchwald v. Buchwald*, 175 Md. 103, 199 A. 795 (1938), the executor did have an interest in the contested will, and did appeal in his dual capacity. The Court dismissed the appeal brought in the representative capacity because the decision of the lower court was not unfavorable to the estate. It then dismissed the appeal brought in the appellant's individual capacity because the clauses of the contested will which contained the appellant's interest were not the clauses at issue on appeal.

234, 300 P.2d 408 (1956). There is, however, a minority view. *See, e.g., In re Verbeck's Estate,* 114 Ohio App. 155, 180 N.E.2d 615 (1961); *In re Donsavage's Estate,* 420 Pa. 587, 218 A.2d 112 (1966). The Court of Appeals of Ohio, which had formerly followed the majority rule, explained its embracing of the minority approach in *Verbeck, supra,* as follows (180 N.E.2d at 619–620):

"Probate Court proceedings, in the general administration of an estate, are relatively informal, particularly as applied to parties....

"The legal device or concept of treating one person as having several capacities or entities, and considering that person as if he were two or more persons, is in many respects a desirable, perhaps a necessary, development in our law. The rigidity with which the law views the differentiation between a person acting for himself and in a fiduciary capacity varies.... The concept of differing capacities must not become a procedural device to defeat the unwary. That sort of practice is too analogous to the notorious technicalities of common-law pleading.

"We believe that the [Ohio] Supreme Court [has indicated that it] does not consider a rigid differentiation of capacity to be a desirable rule in every area of the law. We are not disposed to extend such a technical doctrine into the area of notices of appeal. Verbeck is a 'person.' That person has filed a notice of appeal. Specification of the particular nature of the errors claimed is to be, and has here been, provided by the assignment of errors. Under Section 2505.05, Revised Code, the purpose of the notice of appeal is basically a statement of the intent to appeal and not a specification of the grounds. We, therefore, hold that Robert K. Verbeck has sufficiently perfected his appeal to give this court jurisdiction, and the notice of appeal may be amended to clarify the capacities of the appellants."

This view is the better reasoned one. Its common sense approach comports with the modern trend of relaxing the

**172**

formalities of pleading. It is designed to promote justice over technicality.

It is clear from the record in the present case that the appellant is not only the personal representative of the contested estate, but is the decedent's sister, and would take as an heir at law if the illegitimate child were not entitled to the estate. For this reason, I would not dismiss the appeal.

Judge COLE has authorized me to state that he concurs with the views expressed herein.